BASKIN, Judge.
Charles and Susan Rosenberg appeal a final judgment and an order awarding attorney’s fees. We affirm the final judgment and reverse the fee award.
The Rosenbergs executed a promissory note in favor of Koenig Steiger Co., Inter-trade Resources, Inc., and Edwin Praver. The noteholders assigned their interest to Sherwin Ross; Ross sued the Rosenbergs to recover on the note. The trial court entered final judgment in Ross’s favor. Ross’s attorney filed a motion requesting fees and costs. At the hearing on the motion, Ross’s counsel filed a supplemental motion requesting $69,530 in fees and $5,907.08 in costs. The court awarded the entire sum counsel requested and applied a multiplier of 1.75. The result was a total fee award of $121,677.50, and $5,907.08 in costs.
The Rosenbergs raise several issues on appeal; only one merits discussion. The Rosenbergs correctly assert that the trial court erred in applying a 1.75 contingency risk multiplier to the attorney's reasonable fee. In its order awarding fees, the trial court states:
Based on the factors set forth in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), this court finds that a multiplier of 1.75 should be applied to the hours expended. This takes into consideration the novelty of the case, the time necessary to refamiliarize counsel with the prior related cases, the defenses presented and all other factors set forth in [Rowe\.
In reaching this conclusion, the court misapplies the contingency risk multiplier.
In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985),[1] the Florida Supreme Court adopted the federal lodestar approach as a foundation for the setting of reasonable attorney’s fees by courts. Rowe announced that in calculating an attorney’s reasonable fee, “[t]he ‘novelty and difficulty of the question involved’ should normally be reflected by the number of hours reasonably expended on the litigation.” Rowe, 472 So.2d at 1150 (emphasis added). The product of hours reasonably expended multiplied by the reasonable hourly rate is the lodestar figure. Rowe, 472 So.2d at 1151. A contingency risk multiplier is then applied to enhance the lodestar figure in cases where the attorney and client have entered into a contingency fee agreement, and a “risk of non-payment is established.” Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828, 834; Rowe, 472 So.2d at 1151; Lane v. Head, 566 So.2d 508, 510 (Fla.1990) (multiplier to be applied “depending on the likelihood of success at the outset of the suit.”).
Quanstrom states:
We find that the multiplier is still a useful tool which can assist trial courts in determining a reasonable fee in this category of cases when a risk of nonpayment is established. However, we find that the multiplier in Rowe should be modified as follows: If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.”
555 So.2d at 834 (emphasis added). Here, the trial court incorrectly applied a multiplier based on the novelty and complexity of the case. Thus, we reverse the fee award *507 and remand for further proceedings consistent with Quanstrom.
Reversed and remanded.

. The Rowe lodestar formula was subsequently modified in Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).