On Motion for Rehearing

PER CURIAM.
Upon consideration of appellee’s motion for rehearing we withdraw this Court’s previous opinion and substitute the following opinion:
Appellant, Caridad Gonzalez (“Caridad”), appeals a final judgment claiming the trial court erred in allowing a settling co-defendant’s name to be placed on the jury verdict form for apportionment of damages. We reverse.
Simply, the appellee-defendant, Dr. Veloso (“Veloso”), had the burden of presenting evidence at trial that the nonparty settling co-defendant’s fault contributed to the accident in order to include the nonparty’s name on the jury verdict. See Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla. 1996). Veloso failed to satisfy his burden of presenting competent substantial evidence to establish the fault of the nonparty settling co-defendant. Accordingly, the final judgment apportioning the nonparty’s negligence is reversed and the trial court is directed to enter judgment for Caridad against Veloso in the aggregate full amount. See Nash v. Wells Fargo Guard Services, Inc., 678 So.2d at 1262.
Reversed and remanded with directions.