731 So.2d 63 (1999)
Caridad GONZALEZ, etc., Appellant,
v.
Angel VELOSO, M.D., et al., Appellees.
Nos. 98-1286, 96-1194.
District Court of Appeal of Florida, Third District.
March 31, 1999.
Agustin Perez-Cervera, Coral Gables; Barbara Green, Coral Gables, for appellant.
O'Connor & Meyers and David R. Cassetty and Lucie M. McAllister, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
SCHWARTZ, Chief Judge.
The plaintiff below appeals from an order on her application for attorney's fees under the offer of judgment statute, section 768.79, Florida Statutes (1997),[1] for the trial and appellate services of her counsel in the medical malpractice action for the wrongful death of her husband we considered in Gonzalez v. Veloso, 702 So.2d 1366 (Fla. 3d DCA 1997) and Veloso v. Gonzalez, 718 So.2d 325 (Fla. 3d DCA *64 1998). She challenges the lower court's rulings that rejected her claim to a multiplier and denied expert witness fees for the attorneys who testified on her behalf at the hearing. We affirm in both respects.
As in Simmons v. Royal Floral Distributors, Inc., 724 So.2d 99 (Fla. 4th DCA 1998), we conclude that when, as was the case below, the court could properly have found that "the relevant market [did not require] a contingency fee multiplier to obtain competent counsel,"[2]Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834 (Fla. 1990), the multiplier request was properly rejected in favor of an award "simply" of the stipulated lodestar fee of $69,000.00which we note, was much more than the $59,096.39 contingency fee (45% of the recovery of $131,325.33) to which the plaintiff and her lawyer agreed. Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752 (Fla. 3d DCA 1990), review denied, 576 So.2d 292 (Fla. 1991), is squarely on point:
[T]here [is no] evidence in the record that the prevailing party would otherwise have been unable to afford competent counsel. Consideration of the additional standards enunciated in Florida Patients[Patient's] Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), lends little support to the enhancement since the lodestar figure represents the market rate, and is considerably more than what was provided for by the private arrangement between the prevailing party and its attorney ... there is no evidentiary basis for applying the contingency risk multiplier.
Askowitz, 563 So.2d at 754.
Neither do we agree with the appellant's contention, supported by Loper v. Allstate Ins. Co., 616 So.2d 1055 (Fla. 1st DCA 1993), that the order below is reversibly defective because it does not explicate the reasons for rejecting the multiplier. In our view, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), which controls (and upon which Loper itself primarily relies), imposes no such requirement when the lodestar figure is not adjusted in either direction. Rowe, 472 So.2d at 1151 ("If the court decides to adjust the lodestar, it must state the grounds on which it justifies the enhancement or reduction."). [emphasis supplied.]
Finally, the denial of the plaintiff's expert witness fees was not an abuse of discretion. Travieso v. Travieso, 474 So.2d 1184, 1186 (Fla. 1985); U.S. Fidelity & Guar. Co. v. Rosado, 606 So.2d 628 (Fla. 3d DCA 1992); Orlando Regional Medical Center v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1034 (Fla. 1991).
Affirmed.
NOTES
[1] The appellees did not accept a $55,000 offer of judgment. The eventual award was $131,325.33.
[2] Quaere: Whether any such showing can ever be made, and thus whether a multiplier is ever appropriate, when fees are awardable only when a reasonable offer is not accepted under § 768.79, an eventuality which obviously cannot be anticipated when counsel is obtained.