STONE, J.
Jones appeals the final judgment awarding attorney’s fees. We affirm.
Jones sued Minnesota Mutual to recover disability benefits under a group policy issued through Jones’ employer. Jones became totally disabled in 1990 and received disability payments until 1994, when Minnesota Mutual determined that Jones was no longer “totally disabled” within the meaning of the policy. The parties eventually entered into a settlement agreement providing that Jones receive $75,000, plus attorney’s fees pursuant to section 627.428, Florida Statutes.
The fee agreement between Jones and her attorney, Jordan, provided that the attorney would receive the greater of an amount awarded by the court or a specified contingency fee. In the motion for attorney’s fees, Jordan claimed more than 255.80 hours were spent in prosecution of Jones’ claim and suggested that he be compensated at a rate of $300 per hour. Jordan further asserted that because the matter was taken on an alternative contingency fee basis, he was entitled to a contingency risk multiplier of 2.0 — 2.5. Minnesota Mutual did not contest the number of hours spent in prosecution of Jones’ claim, although it did dispute some time spent negotiating with Jones’ employer to reinstate employee benefits. Minnesota Mutual argued that $800 was an unreasonable hourly rate, that Jordan was not precluded from other employment, no time limitations were imposed by the client, and, although Jordan is an experienced attorney, he did not have any experience in handling disability benefits cases. Minnesota Mutual also contested the application of a multiplier because Jones did not have difficulty obtaining competent counsel, the risk of non-payment was slight, and there were no novel or complex issues to be resolved.
At the fee hearing, Minnesota Mutual’s expert testified that the issue was simple, the case was not overly taxing, and Jordan had relatively no experience in disability claims. He opined that a reasonable hourly rate would be in the range of $175— $210 an hour. The expert also testified that the trial court should not apply a contingency risk multiplier as Jones did not have any problem retaining counsel, and the case was not “overly complicated” such that it would interfere with counsel’s ability to carry on his practice. Jones put on testimony to the contrary.
The trial court entered a final judgment awarding Jordan $300 per hour for 230 hours, plus pre-judgment interest, for a total attorney’s fees of $76,843.50, plus taxable costs. The court declined to apply a contingency risk multiplier, finding that “the amount at issue was significant enough for many competent attorneys in the relevant market to have taken the case, without the necessity of applying a multiplier.” The court also noted the high probability that the case would be settled and that a multiplier was unnecessary because the availability of fees under section 627.428 mitigated against the risk of nonpayment. The latter comment by the court is questioned by Appellant as an invalid justification for denying a multiplier.
*725 Section 627.428(1) provides, in pertinent part:
Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge ... a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney....
We do not disagree with Jones’ argument that the availability of relief pursuant to section 627.428 cannot logically serve as the basis, per se, for rejecting a multiplier. However, we do not read the trial court’s decision as making such a per se ruling. Rather, we find that the trial court, upon review of the facts of this case, concluded that a multiplier was not necessary in order to serve the reasonable fee provisions of the statute. The court recognized Jordan was not only well compensated for the time and effort spent in prosecution of Jones’ claim, but the amount awarded by the court was significantly in excess of the contingency fee Jordan would have received under the parties’ fee agreement. The court also recognized that application of a multiplier in this case would provide a fee award to counsel “more than double the amount recovered by the client and, based on Jordan’s request, approximately six to eight times what the contingency fee award would have been, absent the statute.”
We note that in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 831 (Fla.1990), the supreme court recognized that a trial court must “consider” the application of a multiplier where the prevailing party’s counsel is employed on a contingent fee basis. This, however, does not mean that the trial court need apply a-contingency fee multiplier. See Askowitz v. Susan Feuer Interior Design, Inc., 563 So.2d 752, 754 (Fla. 3d DCA 1990)(noting' that the application of a multiplier is not mandatory when prevailing party’s counsel is employed on a contingency fee basis).
It is apparent that the trial court’s decision not to apply a multiplier in this case was supported by the facts and testimony, which demonstrated the availability of competent counsel in the market place, the likelihood of recovery, the likelihood and fact of reasonable compensation unrelated to a multiplier, the likelihood that competent attorneys with the skill and experience to handle it would have accepted this case absent a multiplier and the ability of the defendant to respond to an award. Furthermore, it cannot be claimed that there is an inequity created by this decision, as it is obvious that counsel, even without the application of a multiplier, received an award well in excess of the $30,000 that would have been paid as a contingency fee. There is also record support for the trial court’s conclusion that application of a multiplier would not further the purpose of section 627.428, which is to discourage insurance companies from contesting valid claims and reimburse successful insureds for their outlays for attorney’s fees when they are compelled to defend or to sue to enforce their insurance contracts. See Insurance Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992).
We note that this result is consistent with the opinion in Gonzalez v. Veloso, 731 So.2d 63, 64 (Fla. 3d DCA 1999), where the court recognized that a multiplier is properly rejected in favor of the lodestar áward where the trial court could have found that, quoting Quanstrom, the relevant market did not require a multiplier to obtain competent counsel. The appellate court there noted, as the trial court did here, that the lodestar fee was much more than the contingency fee in the attorney-client agreement. The court also recognized the absence of evidence concerning the difficulty of the prevailing party to obtain competent counsel. Here, of course, the trial court actually found the relevant market did not require a .multiplier.
*726 As to all other issues raised, we also affirm.
DELL and POLEN, JJ., concur.