817 So.2d 870 (2002)
AMISUB (AMERICAN HOSPITAL) INC., a foreign corporation d/b/a A.M.I. Kendall Regional Medical Center, Appellant,
v.
Samuel HERNANDEZ, and Elizette Hernandez, his wife, Appellees.
No. 3D00-2250.
District Court of Appeal of Florida, Third District.
April 24, 2002.
As Corrected on Denial of Rehearing June 19, 2002.
*871 Parenti, Falk, Waas, Hernandez & Cortina, and Gail Leverett Parenti, for Appellant.
Ginsberg & Schwartz, and Arnold Ginsberg; David Charlip, for appellees.
Before COPE, and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The appellant/defendant, Amisub (American Hospital), Inc., d/b/a A.M.I. Kendall Regional Medical Center ("hospital"), appeals an order awarding attorney's fees under the demand for judgment statute, Section 768.79, Florida Statutes (1993). The hospital claims error because the demand for judgment was untimely and error in applying a contingency fee multiplier to the attorney's fees. We find the demand for judgment was timely and affirm the award of attorney's fees, but we reverse the application of a contingency fee multiplier.
On December 30, 1993, appellees/plaintiffs Samuel Hernandez and Elizette Hernandez, his wife, (hereinafter collectively referred to as "Hernandez"), filed a complaint against the hospital, alleging negligence in leaving a laparotomy sponge in Hernandez's body during a 1988 surgical procedure. Hernandez discovered the sponge after a second surgery in 1993. Hernandez approached three medical malpractice firms who refused to take his case because the claim was outside the four-year statute of limitations. See § 95.11(4)(b), Fla. Stat. (1993). Eventually, Hernandez retained attorney David Charlip ("Charlip") under a standard contingency fee agreement.
Long before trial, the trial court granted the hospital's motion to dismiss, on the basis that the action was barred by the statute of limitations. Shortly after the dismissal, Hernandez served the hospital with a $75,000 demand for judgment, which the hospital immediately rejected. Meanwhile, Hernandez successfully appealed the dismissal. See Hernandez v. Amisub (American Hosp.), Inc., 659 So.2d 1316 (Fla. 3d DCA 1995). This extended the viability of the case under the seven-year statute of repose. See Nardone v. Reynolds, 508 F.2d 660 (5th Cir.1975).
Nevertheless, on remand at a trial, the trial court granted the hospital a directed verdict, which Hernandez again appealed. This Court reversed and remanded for the second time with instructions to enter a directed verdict for Hernandez and for a *872 trial to determine damages. See Hernandez v. Amisub (American Hosp.), Inc., 714 So.2d 539 (Fla. 3d DCA 1998). Ultimately, after two appeals and two trials, the jury awarded Hernandez $116,298.27 in damages. After satisfying the judgment to Hernandez, the hospital appealed the trial court's order awarding attorney's fees enhanced by a contingency fee multiplier, claiming the demand was untimely.
The demand for judgment statute, Section 768.79, entitles the prevailing party to attorney's fees if the plaintiff's final judgment is twenty-five percent greater than the demand. However, the hospital contends that the demand for judgment was untimely because the trial court orally dismissed the case before Hernandez filed the demand. The hospital claims that Section 768.79 does not contemplate a demand for judgment being made or accepted after a dispositive ruling in a case.
The only time-related requirement in the demand for judgment statute limits the recipient to thirty days to accept a demand to settle a dispute or the demand is considered rejected. See Crowley v. Sunny's Plants, Inc., 710 So.2d 219 (Fla. 3d DCA 1998). Here, following the dismissal but prior to the appeal, Hernandez served the demand for judgment, offering the hospital an opportunity to settle without an appeal or further litigation. The hospital rejected the demand within two days, well within the thirty-day limitation. This demand remained viable until the case reached a verdict. See Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987).
Therefore, because Hernandez met the statute's time requirements, and because the jury's damage award was thirty-six percent greater than the $75,000.00 demand, Hernandez is entitled to attorney's fees from the date he served the demand. See Cooper v. Brickell Bayview Real Estate, Inc., 711 So.2d 258 (Fla. 3d DCA 1998); Mark C. Arnold Constr. Co. v. Nat'l Lumber Brokers, Inc., 642 So.2d 576 (Fla. 1st DCA 1994).
However, we agree with the hospital that the trial court erred in applying a multiplier on the basis of a demand for judgment. Hernandez is not entitled to have the attorney's fee enhanced by a multiplier based on Section 768.79.
In ascertaining when to apply a multiplier, the trial court determines the reasonable hours in the case normally billed to the client multiplied times the prevailing hourly rate attorneys charge in a community. See Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). This amount, the lodestar, is then enhanced by a multiplier, ranging from 1.5 to 2.5, if the trial court determines that the case meets the criteria for a contingency fee multiplier. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). Trial courts are to consider (1) whether the relevant market requires a contingency fee multiplier for a party to obtain competent counsel, (2) whether the attorney was able to mitigate the risk of nonpayment in any way, and (3) whether any of the factors set forth in Rowe are applicable. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d at 834.
This Court has rejected a multiplier when the requirements in Quanstrom have not been met.[1]See Gonzalez v. Veloso, *873 731 So.2d 63 (Fla. 3d DCA 1999)(relevant market did not require contingency fee multiplier to obtain competent counsel); see also Rosenberg v. Ross, 613 So.2d 505 (Fla. 3d DCA 1993)(trial court failed to apply the correct standard for applying a multiplier).
Our inquiry in this case, based on the Quanstrom criteria, is "whether the relevant market requires a contingency fee multiplier to obtain competent counsel" when fees are awarded for failure to accept an offer under Section 768.79. Although three law firms refused Hernandez's case, Charlip accepted the case based on a forty-five percent contingency fee arrangement.
Hernandez contends that although Charlip originally agreed to a contingency fee, the litigation became overbearing. Therefore, the availability of a contingency fee multiplier became essential to Charlip's continued representation.
We reject this argument for two reasons. First, in Quanstrom, the Court specifically refers to obtaining counsel in the first instance, not whether counsel continues the case after prolonged litigation.
Second, the record does not support Hernandez's argument. After the first trial ended in an adverse directed verdict, Charlip and Hernandez renegotiated their fee and cost arrangement. If Charlip had made the determination to proceed with the case in the hope of obtaining a contingency fee multiplier, he would not have renegotiated the fee agreement with Hernandez. Clearly, Charlip was willing to continue representing Hernandez once he revisited the fee arrangement and mitigated his risk.
Charlip's failure to satisfy two of the Quanstrom requisites, the ability to obtain competent counsel in the relevant market and the ability to mitigate the risk of nonpayment in any way, negate the application of a multiplier. Therefore, we reverse that portion of the trial court's order applying a 2.5 multiplier to the attorney's fees award. See Gonzalez v. Veloso, 731 So.2d at 64.
We affirm that portion of the trial court's order finding the demand timely, and award attorney's fees based on the trial court's lodestar calculations without a multiplier.
Affirmed in part; reversed in part.
NOTES
[1] There is a conflict among the Florida districts concerning the use of a multiplier under Section 768.79. Several districts have applied a multiplier after considering the statutory factors and the guidelines promulgated by the Florida Supreme Court, "along with all other relevant criteria." § 768.79(6)(a),(b) and (7)(b); Pirelli Armstrong Tire Corp. v. Jensen, 752 So.2d 1275 (Fla. 2d DCA 2000); Collins v. Wilkins, 664 So.2d 14 (Fla. 4th DCA 1995); see also Lewis v. Bondy, 752 So.2d 1225 (Fla. 1st DCA 2000)(remanded to consider the application of an appropriate multiplier). The Fifth District recently decided that a contingency fee multiplier should not be applied to attorney's fees in demand for judgment cases. See Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001)(en banc).