BARFIELD, J.
Appellant challenges the amount of attorney fees awarded to its insured pursuant to section 627.428, Florida Statutes. Specifically, it argues that the trial court erred as a matter of law in applying a “contingent risk” multiplier to more than double the “lodestar” amount which had been calculated based upon a reasonable number of hours and a reasonable hourly fee. The parties agree that there is no dispute in this appeal regarding the factual findings of the trial court’s order, and that the court’s legal rulings are therefore reviewed de novo, citing Menendez v. The Palms West Condominium Ass’n, Inc., 736 So.2d 58 (Fla. 1st DCA 1999). We agree with appellant that use of a “contingent risk” multiplier was inappropriate in the circumstances.
The trial court found in its order that the attorney’s representation of the insured “was not contingent within the meaning of Rules of Professional Conduct 4-1.5” and that “the contractual arrangement” between the insured and her attorney, in which the attorney “would have technically been entitled to recover his fee up to $200.00 per hour from the client, win or lose,” but agreed to accept “a reasonable fee awarded by the Court” pursuant to section 627.428, “is not considered a contingent fee arrangement as contemplat *208 ed by Rules Regulating The Florida Bar, Rule 4-1.5.” The trial court apparently based its decision to use the “contingent risk” multiplier on its finding that the fee in either case would be contingent on the attorney winning the case, because of the insured’s “indigent financial condition.” However, the likelihood that the client will not pay the agreed-upon hourly fee is not the criterium upon which “contingency” in this context is based.
Because we find that, based on the facts as found by the trial court, the fee agreement was not “contingent” within the meaning of Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), the order is REVERSED and the case is REMANDED to the trial court for entry of an attorney fee award that does not use a “contingent risk” multiplier.
WOLF and DAVIS, JJ., concur.