864 So.2d 1215 (2004)
Pamela HOLIDAY, Appellant/Cross-Appellee,
v.
NATIONWIDE MUTUAL FIRE INSURANCE, etc., et al., Appellee/Cross-Appellant.
Nos. 5D02-3369, 5D02-3491.
District Court of Appeal of Florida, Fifth District.
January 23, 2004.
*1216 Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellee/Cross-Appellant, Nationwide Mutual Fire Insurance Company.
Randy E. Schimmelpfennig of Billings, Cunningham, Morgan & Boatwright, P.A., Orlando for Appellee/Cross-Appellant, Leonard Shealey.
*1217 MONACO, J.
Pamela Holiday and Leonard Shealey, who were plaintiffs below, successfully brought an action for damages against their property insurance carrier, Nationwide Mutual Fire Insurance Company. Two of the parties, Ms. Holiday and Nationwide Mutual Fire Insurance Company, have respectively appealed and cross-appealed the order rendered by the trial court granting appellant, Ms. Holiday, and cross-appellee, Mr. Shealey, attorneys' fees founded on section 627.428, Florida Statutes (2002), and applying a contingency risk multiplier to the Shealey fee, but declining to do so with respect to the fee for Ms. Holiday's attorney. Appellee/cross-appellant, Nationwide, seeks review of the award of fees to Mr. Shealey because of the imposition of the multiplier. A review of Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990), and its progeny leads us to the conclusion that the attorney's fee award was correct with respect to Mr. Shealey, but erroneous as it pertained to Ms. Holiday, and that a contingency risk multiplier should have been applied to both fees.
The suit that gave rise to the attorneys' fee controversy was an action to recover insurance proceeds from a policy of homeowner's insurance issued by Nationwide following a fire to the residence of the parties. It appears that Ms. Holiday and Mr. Shealey purchased a home jointly, and insured it with Nationwide. After the couple ended their relationship, a suspicious conflagration occurred in the residence and substantial damage was done to it as a result. When arson was determined to be the cause of the fire, and there was some indication that Mr. Shealey might have been the culprit, Nationwide declined coverage. Ms. Holiday and Mr. Shealey brought suit, and eventually succeeded in recovering a verdict for the full amount sought by them after a four-day jury trial.
Ms. Holiday and Mr. Shealey then each filed motions to obtain an award of attorney's fees in accordance with section 627.428, Florida Statutes (2002). After several evidentiary hearings at which a number of witnesses testified with respect to whether a contingency risk multiplier was warranted, the trial court issued an order awarding attorney's fees in favor of both of the insureds, but applying the contingency multiplier only to the Shealey fee.
The trial judge concluded that Ms. Holiday's attorney had reasonably expended 310 hours on the case, that $225 per hour was a reasonable hourly rate, and that the lodestar figure for this labor was $69,750. He found, however, that the contingency fee agreement executed by Ms. Holiday and her attorney would not permit a fee beyond one-third of the recovery, and accordingly reduced the award to $22,333.00.
With respect to Mr. Shealey's counsel the trial judge found that 204 hours was reasonably expended, and that $225 was a reasonable hourly rate. Because he concluded that Mr. Shealey's fee agreement authorized a contingency risk multiplier of 2.0, however, he awarded a fee of $91,800.
Ms. Holiday seeks review of the lower court's order because no contingency risk multiplier was awarded for her counsel's labor against Nationwide. Nationwide feels that the trial judge was correct with regard to the Holiday fee, but cross-appeals the fee awarded to Mr. Shealey because it asserts that no contingency risk multiplier was warranted under the circumstances of this case. We consider these in reverse order.
I. Whether a contingency risk multiplier was appropriate.
Section 627.428, Florida Statutes (2002), authorizes the award of a reasonable attorney's *1218 fee to an insured who prevails against his or her carrier after being required to bring suit to establish a valid claim. Subsection (1) of the statute says, more specifically:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
The legislative intention underpinning section 627.428 is to "discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." See Insurance Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992). Thus, if a dispute is within the scope of this statute and an insured must enforce his or her rights under a policy, and if a judgment is rendered against the insurer, then the insurer is required to pay attorney's fees for the insured or beneficiary. See Bell v. U.S.B. Acquisition Co., Inc., 734 So.2d 403 (Fla.1999); Bassette v. Standard Fire Ins. Co., 803 So.2d 744, 746 (Fla. 2d DCA 2001). To learn whether a contingent risk multiplier may be applicable to fees awarded under section 627.428, we must examine Quanstrom.
The Supreme Court in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), identified three different categories of cases in which attorney's fees may be awarded by a court. The Court concluded that the second of those categories, which applies principally to tort and contract cases, including cases such as the present controversy involving an insured and his or her insurance company, is one in which a contingency risk multiplier may be appropriate. In Quanstrom the Court reaffirmed the principles set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), with respect to these cases, and added three additional factors to be considered in determining whether a multiplier should be applied:
1. Whether the relevant market requires a contingency fee multiplier to obtain competent counsel;
2. Whether the attorney was able to mitigate the risk of nonpayment in any way; and
3. Whether any of the factors set forth in Rowe are applicable, especially the amount involved, the results obtained, and the type of fee arrangement between the attorney and his or her client.
In the present case the trial court made specific findings of fact after having heard extensive testimony. He evaluated the likelihood of Mr. Shealey prevailing at less than 50%, and after hearing conflicting experts found that very few attorneys in Orlando would have taken this case without the potential for a multiplier. The court was persuaded that "both attorneys took the case as a `flyer' in the hope of `getting lucky' and recovering a huge fee." He then found that a 2.0 multiplier was appropriate for Mr. Shealey's counsel.
Once it is determined that attorney's fees are awardable, the standard of review with respect to the application of a multiplier is one of abuse of discretion. See United Auto. Ins. Co. v. Padron, 775 So.2d 372 (Fla. 3d DCA 2000); cf. Centex-Rooney Constr. Co. v. Martin County, 725 So.2d 1255 (Fla. 4th DCA 1999). Here, there is substantial competent evidence to *1219 support the trial court's decision to apply the multiplier, and we accordingly affirm with respect to the fee awarded to Mr. Shealey.[1]
II. Whether the multiplier should have been applied to the Holiday fee.
The trial court decided to apply the multiplier to the Shealey fee, but not to the Holiday fee primarily because of a difference in the language of the attorney's fee agreements between the clients and their individual attorneys. Mr. Shealey's agreement, which was found to be sufficient to authorize the imposition of a multiplier, read in pertinent part:
I agree to pay my attorneys the following fee based on a percentage of the total gross recovery, or an amount awarded by the Court, whichever is greater: ...
The trial judge determined, however, that Ms. Holiday's fee agreement would not permit a contingency risk multiplier to be utilized. The Holiday agreement said:
I agree to pay my attorneys the following fee from the total gross recovery:
(a) 33 1/3% of any recovery up to $1 million prior to filing suit and after suit is filed but before an answer is filed or demand for arbitration is made;
(b) 40% of any recovery up to $1 million after answer is filed or demand for arbitration is made;
...; and
(g) In the event attorneys' fees are recovered pursuant to any state or federal statute, I agree to pay my attorneys the greater of the statutory fee or contingency fee stated above.
To understand the trial court's reasoning in this connection, it is instructive to consider the Supreme Court's decision in Kaufman v. MacDonald, 557 So.2d 572 (Fla.1990). In Kaufman the Court answered a certified question asking whether Rowe precluded an attorney's fee above the percentage amount set out in the contingency fee agreement between claimant and counsel "where the agreement provides that the fee upon recovery shall be the higher of the percentage amount or an amount awarded by the court." Kaufman, 557 So.2d at 573. (Emphasis added). The Kaufman court concluded that it did not, and held specifically that, "the court may apply a contingency multiplier and award a reasonable fee which exceeds the amount of the fee which would be recoverable under *1220 the percentage alternative of the fee agreement." Id.
As fleshed out in oral argument, it appears that what troubled the trial judge was the notion that under the Holiday agreement, the party agreed to pay the statutory fee, regardless of the source, and regardless of whether the fee was actually collected from the insurance carrier. If the statutory fee awarded exceeded the contingency fee amount, it would mean that the client might have to pay a fee greater than the contingency amount, even if the fee was never actually collected from Nationwide. As that result would not be permissible under the rules governing contingency fees, the client would never be obligated beyond the contingency amount. See Rule 4-1.5(f), Rules of Professional Conduct. Because a court awarded fee cannot exceed the fee agreement reached between the attorney and the client [See Rowe, at 1151; Miami Children's Hosp. v. Tamayo, 529 So.2d 667 (Fla.1988)], the trial court felt that it could not make an award greater than the contingency fee and that it could not grant a multiplier based on the language concerning statutory fees contained in the Holiday agreement. By contrast, the trial court was satisfied that the Shealey agreement met the Kaufman criteria. The line imposed by the trial court in this instance was, indeed, very fine.
It appears to us that both agreements satisfy Kaufman. First, Kaufman does not dictate that any particular language or "magic words" be used in the agreement, provided the fee arrangement is, in fact, contingent. See Superior Ins. Co. v. Cordle, 851 So.2d 207 (Fla. 1st DCA 2003). Secondly, the question certified to the Supreme Court in that case was couched broadly in terms of a "fee upon recovery." Here, both the Holiday and Shealey fee agreements are contingent arrangements and are specifically conditioned on the "recovery" of a fee. Moreover, a fair reading of the language used by the participants really does not leave any doubt about how or to what extent a fee is payable. See Hollub v. Clancy, 706 So.2d 16 (Fla. 3d DCA 1997). While we understand the careful distinction being made by the trial judge, we are convinced that neither Ms. Holiday, nor Mr. Shealey would be responsible for attorney's fees under their respective agreements except to the contingent extent actually recovered from Nationwide as a result of the lawsuit, or in the amount awarded by the trial court pursuant to section 627.428 and actually recovered from Nationwide, whichever is greater.
Thus, we reverse the Order on Attorneys' Fees as it applies to the Holiday agreement, and remand for recalculation of the amount and entry of an appropriate order.[2]

QUESTION CERTIFIED
This case has caused us to consider whether in light of Sarkis v. Allstate Insurance Co., 863 So.2d 210 (Fla.2003), a multiplier should continue to be applicable to fee awards based on fee-shifting statutes.
The Florida Supreme Court's seminal decision in Quanstrom was founded on two then recent decisions of the United States Supreme Court: Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); and Pennsylvania v. *1221 Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987). Since the publication of Quanstrom, the United States Supreme Court has receded from Delaware Valley by its decision in City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), in which it held that fee-shifting statutes generally do not permit enhancement of a fee award beyond the lodestar amount to reflect the fact that a party's attorneys were retained on a contingent fee basis.
In Sarkis our high court made the following observation:
Throughout the statutory and rule history of offers of judgment, the use of a multiplier has never been expressly authorized. Neither section 768.79 nor rule 1.442 authorizes the use of a multiplier in determining the amount of attorney fees as a sanction for the rejection of an offer. Applying a strict construction of the statute and rule, a multiplier therefore cannot be applied under section 768.79 or rule 1.442, and the trial court's application of a multiplier in this case was error.
Sarkis, 863 So.2d at 223.
Section 627.428, Florida Statutes (2002), the statute that was the foundation for the award of attorney's fees in the present case, likewise contains no authorization within it for the use of a multiplier. We are, of course, required to adhere to the decisions of the Supreme Court, and our opinion in this case follows the law as we believe it currently exists. Because from the most fundamental perspective, however, we cannot approve a multiplier based on this fee-shifting statute if Sarkis signals a tidal shift in this regard, we certify the following question as one of great public importance:
IN LIGHT OF THE SUPREME COURT'S DECISION IN SARKIS, MAY A MULTIPLIER BE APPLIED TO ENHANCE AN AWARD OF ATTORNEY'S FEES GRANTED UNDER A FEE-SHIFTING STATUTE SUCH AS SECTION 627.428, FLORIDA STATUTES (2002).
AFFIRMED in part, REVERSED in part, QUESTION CERTIFIED.
THOMPSON, and PALMER, JJ., concur.
NOTES
[1] Recently the supreme court in Sarkis v. Allstate Insurance. Co., 863 So.2d 210 (Fla. 2003), held that contingency risk multipliers are not authorized when the attorneys fee award arises out of the offer of judgment statute. The Supreme Court noted that attorney's fees awarded pursuant to offer of judgment statutes are sanctions for unreasonable rejections of offers of judgment. Id. The supreme court went on to state, however, that:

We have recognized that the use of a multiplier must be consistent with the purpose of the fee-authorizing statute or rule. The reason for an award of attorney fees authorized as a sanction for the rejection of an offer to settle is very different from the reason that we authorized the use of a multiplier in Quanstrom. In those cases, we authorized the use of a multiplier to promote access to courts by encouraging lawyers to undertake representation at the inception of certain cases. We agree with the Third District Court of Appeal's analysis in Amisub [American Hospital, Inc. v. Hernandez, 817 So.2d 870 (Fla. 3d DCA 2002)] that Quanstrom specifically refers to obtaining counsel in the first instance. It is self-evident that attorney fees awarded as a sanction under 768.79 and rule 1.422 are awarded after an attorney has already been obtained and agreed to undertake the case, and thus the use of a multiplier is not consistent with the purpose of the fee-authorizing statute.
Id. at 222-223.
[2] We note that the trial judge indicated in the order that should a higher court reverse the award to Ms. Holiday's counsel, that Ms. Holiday's counsel, too, would be entitled to a 2.0 multiplier to be applied to the lodestar amount. Further proceedings in this specific regard should, therefore, not be necessary.