870 So.2d 196 (2004)
BLUEGRASS ART CAST, INC., et al, Appellant,
v.
CONSOLIDATED ERECTION SERVICES, INC., Appellee.
No. 5D02-3404, 5D03-238.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
Rehearing Denied April 21, 2004.
Raymond T. Elligett, Jr. and Amy S. Farrior of Schropp, Buell & Elligett, P.A., *197 Tampa, and Richard E. Whitaker of Richard E. Whitaker, P.A., Orlando, for Appellant.
Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Appellee.
PER CURIAM.
Bluegrass Art Cast, Inc., ("Bluegrass"), appeals a judgment entered against it in favor of Consolidated Erection Services, Inc. ("Consolidated"). Bluegrass also appeals an award of attorney's fees that increased to $1,387,086.25 when the trial court applied a 2.2 contingency fee multiplier to the lodestar amount of $630,493.75.
In Holiday v. Nationwide Mutual Fire Insurance, 864 So.2d 1215 (Fla.App. 5th DCA 2004), we questioned the viability of the use of a multiplier under Standard Guaranty Insurance Company v. Quanstrom, 555 So.2d 828 (Fla.1990), in light of Sarkis v. Allstate Insurance Company, 863 So.2d 210 (Fla.2003). The attorney's fees in Holiday were awarded pursuant to section 627.428, Florida Statutes (2002), the same statute that was used to award fees in the instant case. That statute does not expressly authorize the use of a multiplier nor does section 627.756, Florida Statutes (2001), which was another basis cited for the fees awarded to Consolidated.
Accordingly, and consistent with Holiday, we certify the following question as one of great public importance:
In light of the Supreme Court's decision in Sarkis v. Allstate Insurance Company, 863 So.2d 210 (Fla.2003), may a multiplier be applied to enhance an award of attorney's fees granted under fee shifting statutes such as sections 627.428 and 627.756, Florida Statutes (2001).
In the meantime, we follow the dictates of Quanstrom, affirm the award of attorney's fees as well as the judgment for damages. We find no errors in the remaining issues raised by Bluegrass.
AFFIRMED; QUESTION CERTIFIED.
PETERSON, THOMPSON and ORFINGER, JJ., concur.