IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SAWGRASS MUTUAL INSURANCE
COMPANY,

      Appellant,

 v.                                   Case No.  5D15-3061

TERRY MONE AND DIANE MONE,

      Appellees.

_____/

Opinion filed September 2, 2016

Appeal from the Circuit Court
for Volusia County,
Dennis Craig, Judge.

Jack R. Reiter and Robert D. Peters,
of GrayRobinson, P.A., Miami,
for Appellant.

Mark A. Nation and Paul W. Pritchard,
of The Nation Law Firm, Longwood,
for Appellee.

PER CURIAM.

Sawgrass Mutual Insurance Company ("Sawgrass") appeals the final judgment awarding attorney's fees and costs against it and in favor of Appellees and their counsel. Sawgrass raises two issues.  First, it contends that the trial court erred by applying a contingency risk multiplier to Appellees' award of attorney's fees.  Second, Sawgrass argues, and Appellees agree, that there was a lack of competent substantial evidence to

support the award of $26,918.43 in court costs regarding the services provided by two of Appellees' expert witnesses, Nettles & Associates and Reliable Field Services of Central Florida, Inc. Based upon this proper concession of error, we reverse the award of these costs from the total costs awarded in the final judgment. Concluding that the application of the contingency risk multiplier in this case is unwarranted, we also reverse on the first issue.

Appellees purchased a homeowner's insurance policy from Sawgrass for their home in Ormond Beach, Florida. During the policy period, Appellees noticed cracks in the interior and exterior walls of their home and filed a claim with Sawgrass under their policy seeking recovery for the damages caused to their home by sinkhole activity. In response, Sawgrass investigated and ultimately denied the claim, resulting in Appellees filing suit against Sawgrass for breach of the insurance contract. Following a one-week jury trial at which Appellees prevailed on their claim, the trial court entered final judgment for damages in their favor and against Sawgrass.[1]

Appellees thereafter moved for an award of attorney's fees pursuant to section 627.428, Florida Statutes (2011), and for court costs. Following an evidentiary hearing, the trial court entered the final judgment on appeal, making express findings in the judgment as to the reasonable number of hours expended by Appellees' counsel and the reasonable hourly rates for their services rendered in this litigation. This "lodestar figure" totaled $262,620. *See Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150–51 (Fla. 1985), *modified on other grounds by Standard Guar. Ins. Co. v. Quanstrom*, 555 So.

---

[1] Sawgrass separately appealed the underlying final judgment of liability, which we recently affirmed, without opinion. *Sawgrass Mut. Ins. Co. v. Mone*, No. 5D15-1569, 2016 WL 4159255 (Fla. 5th DCA Aug. 2, 2016).

2d 828, 829 (Fla. 1990) (explaining lodestar process to determine reasonable attorney's fees). The trial court also found that the case was appropriate for the use of a contingency risk multiplier under the guidelines set forth in *Rowe* and *Quanstrom,* and it applied a 1.5 multiplier to the lodestar amount, resulting in a total attorney's fee award of $393,930. On appeal, Sawgrass does not dispute Appellees' entitlement to attorney's fees under section 627.428, nor does it contest the lodestar aspect of the attorney's fee award. Sawgrass does, however, argue that the trial court's use of the multiplier to enhance the award of attorney's fees was error because Appellees did not present sufficient evidence that a multiplier was necessary for them to obtain competent counsel.[2]

The trial court's application of a multiplier to an attorney's fee award is reviewed under an abuse of discretion standard of review. *Holiday v. Nationwide Mut. Fire Ins.*, 864 So. 2d 1215, 1218 (Fla. 5th DCA 2004) ("Once it is determined that attorney's fees are awardable, the standard of review with respect to the application of a multiplier is one of abuse of discretion." (citing *United Auto Ins. Co. v. Padron*, 775 So. 2d 372 (Fla. 3d DCA 2000) (additional citation omitted))). In *Federated National Insurance Co. v. Joyce*, 179 So. 3d 492, 493–94 (Fla. 5th DCA 2015), *review* granted, SC16-103 (Fla. 2016), we recently wrote:

> In *Rowe*, the Florida Supreme Court adopted the federal lodestar approach, which includes "a 'strong presumption' that the lodestar represents the 'reasonable fee.'" *Progressive Express Ins. Co. v. Schultz*, 948 So. 2d 1027, 1030 (Fla. 5th DCA 2007) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986)). "The application of a multiplier is the

---

[2] Sawgrass also contends that, as a matter of law, the application of a multiplier is inherently improper when attorney's fees are awarded pursuant to a fee-shifting statute, such as section 627.428, especially when this statute does not expressly authorize the use of a multiplier. Based upon our resolution of this appeal, we find it unnecessary to address this argument.

exception, not the rule . . . and this presumption is overcome only in 'rare' and 'exceptional' circumstances." *State Farm Fla. Ins. Co. v. Alvarez*, 175 So. 3d 352 (Fla. 3d DCA 2015) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 544, 130 S. Ct. 1662, 176 L.Ed.2d 494 (2010)).

The primary issue in this case was whether Appellees' home was damaged by sinkhole activity. If it was, then the claim was covered under the policy. If not, then there was no coverage. Each party presented expert witness testimony at trial as to this issue. Appellees' counsel skillfully represented Appellees throughout this litigation, prevailed at trial, and was statutorily entitled to an award of an attorney's fee. The lodestar fee computed to $262,620, which, under *Rowe*, is strongly presumed to be a reasonable attorney's fee. *See Schultz*, 948 So. 2d at 1030. Although we apply a highly deferential standard of review of this type of an attorney's fee award because of the trial court's "first-hand knowledge of the case," "superior understanding of the litigation," and "extensive contact with the parties and their counsel," *Alvarez*, 175 So. 3d at 355 (quoting *Centex-Rooney Const. Co. v. Martin Cty.*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999)), as appellate judges, when we review the trial court's decision for an abuse of discretion, "we are not required to abandon what we learned as lawyers . . . in evaluating the reasonableness of an award." *Trumbull Ins. Co. v. Wolentarski*, 2 So. 3d 1050, 1057 (Fla. 3d DCA 2009) (citing *Ziontz v. Ocean Trail Unit Owners Ass'n*, 663 So. 2d 1334, 1335 (Fla. 4th DCA 1993)). We find that this case is not one involving "rare" and "exceptional" circumstances and, therefore, conclude that the strong presumption against the application of the contingency risk multiplier has not been overcome.

Accordingly, we reverse, in part, the attorney's fee award and remand with directions that the court strike from the final judgment the sum of $131,310 for attorney's fees awarded pursuant to the multiplier, resulting in an attorney's fee award to Appellees'

4

counsel in accordance with the aforementioned lodestar figure. We also reverse, in part, the award of court costs and remand with directions that the trial court strike from the final judgment the sum of $26,918.43, reflecting the amount awarded for services rendered by Nettles & Associates and Reliable Field Services of Central Florida, Inc.

REVERSED in part; and REMANDED, with directions.

LAMBERT, J., and LEMONIDIS, R.C., Associate Judge, concur.
COHEN, J., concurs in part and dissents in part.

COHEN, J., concurring in part and dissenting in part.

I concur with the majority's decision to reverse the award of total costs. I also agree with the majority's framing of the issue—it should be the most exceptional of cases that merit the use of a multiplier.[3] I am forced to dissent, however, because of the standard of review in this case. As the majority notes, the trial court's application of a multiplier to an attorney's fee award is reviewed for an abuse of discretion. <u>Holiday v. Nationwide Mut. Fire Ins.</u>, 864 So. 2d 1215, 1218 (Fla. 5th DCA 2004). The trial court conducted an extensive evidentiary hearing on the fee issue and determined that a multiplier was appropriate. I cannot conclude that the trial court's decision constituted an abuse of discretion; thus, I would affirm the use of a multiplier. I respectfully dissent on this issue but concur with the majority opinion in all other respects.

---

[3] In fact, I joined in the <u>Federated</u> decision cited by the majority because the record in that case did not support the use of a multiplier.