IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GARRISON PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Petitioner,

 v.                                    Case No.  5D16-393

MICHAEL ROHRBACHER,

      Respondent.

_____/

Opinion filed November 18, 2016

Petition for Certiorari Review of Decision
from the Circuit Court for Seminole County
Acting in its Appellate Capacity.
Jerri L. Collins, Judge.

Douglas H. Stein, of Bowman and Brooke,
LLP, Coral Gables, for Petitioner.

Dean A. Mitchell, Ocala, for Respondent.


WALLIS, J.

     Garrison Property and Casualty Insurance Company ("Garrison") seeks second-tier certiorari review of a decision rendered by the circuit court of Seminole County, Florida, acting in its appellate capacity. We grant review and quash the circuit court's decision in part.[1]

---

[1] We deny review of all issues not discussed in this opinion.

In the underlying case, Michael Rohrbacher, the plaintiff-insured, filed suit against Garrison for its denial of his PIP coverage, resulting in a confession of judgment and a stipulation to Rohrbacher's entitlement to fees and costs. However, the county court denied Rohrbacher's request for a contingent fee multiplier. Rohrbacher then appealed to the circuit court, which reversed the county court's denial and awarded the requested multiplier. Garrison argues the county court correctly found, based on competent, substantial evidence, that the relevant market did not require a multiplier for Rohrbacher to obtain competent counsel because many attorneys took his case without discussion of a multiplier. Thus, Garrison argues, the circuit court departed from the essential requirements of law by reversing the county court's decision and awarding a multiplier. See Custer Med. Ctr. v. United Auto Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010).

The Florida Supreme Court has provided specific guidelines for a court's multiplier determination:

> [T]he trial court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in [Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985)] are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990) (emphasis added). Garrison's petition focuses primarily on the hearing testimony relevant to the first factor. The county and circuit court both accepted the undisputed fee hearing testimony that Rohrbacher retained approximately ten lawyers to represent him in his PIP case before hiring Rutledge Bradford, who actually won the case. Neither court expressly found

2

that the prospect of a multiplier was needed to secure competent counsel, or that Bradford even considered the possibility of a multiplier before taking the case. Although a competing expert asserted that he and other attorneys would not have taken the case without a multiplier, competent, substantial evidence otherwise supported the finding that Rohrbacher repeatedly obtained counsel without consideration of a multiplier. Thus, the county court correctly declined to apply a multiplier. See id.

The circuit court correctly stated that Bradford, presented with a difficult case, attained an unlikely success where others had failed. However, the difficulty of the case alone cannot overcome the presumption against a multiplier. See State Farm Fla. Ins. Co. v. Alvarez, 175 So. 3d 352, 358 (Fla. 3d DCA 2015). Furthermore, as we have previously stated, "Our docket, and the dockets of the trial courts in Central Florida, have hundreds, and perhaps thousands, of PIP suits pending at any given time. It seems that few insureds, if any, have difficulty obtaining competent counsel to represent them." Progressive Exp. Ins. Co. v. Schultz, 948 So. 2d 1027, 1031 (Fla. 5th DCA 2007). Because the county court did not abuse its discretion by declining to award a multiplier, the circuit court erred in reversing the county court. See Holiday v. Nationwide Mut. Fire Ins., 864 So. 2d 1215, 1218 (Fla. 5th DCA 2004).

We have previously granted certiorari review for such a departure from controlling case law. Schultz, 948 So. 2d at 1029-31. Thus, we grant the petition and quash the circuit court's ruling in part, reinstating the county court's rulings that Rohrbacher is entitled to neither a fee multiplier nor costs beyond those already stipulated.

PETITION GRANTED.

PALMER and TORPY, JJ., concur.

3