471 So.2d 1293 (1985)
David W. RIPPLE and Kenneth M. Williams, Petitioners,
v.
Thomas R. PACKARD, Respondent.
No. 84-1900.
District Court of Appeal of Florida, Third District.
May 28, 1985.
Rehearing Denied July 22, 1985.
Kanner, Brown & Lambert, Akerman, Senterfitt & Eidson and William E. Sadowski and Nina Kole Brown, Miami, for petitioners.
Ezell, Menendez & Patterson and William D. Matthewman and Boyce F. Ezell, III, Miami, for respondent.
Before NESBITT, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
David W. Ripple and Thomas R. Packard entered into a written joint venture agreement *1294 involving three parcels of real estate located in Dade County, Florida. Their joint venture agreement included an arbitration clause. The predictable falling-out occurred, and Packard brought an action in the circuit court seeking enforcement of the terms of the agreement and invoking the arbitration clause. The trial court entered an order compelling arbitration. Subsequently, the parties agreed to the conditions of an arbitration award which provided for the sale of all joint venture assets, the method and manner by which the real property would be sold, and the division of the proceeds. The agreed award also contained a provision conferring upon Ripple a right of first refusal for ten days on any bona fide written offer for each of the parcels involved. Two of the parcels have been sold to Ripple pursuant to those provisions; only lot 7 remains and is at issue.
Ripple sought to close on lot 7 and, finding Packard reluctant, moved to compel compliance with the award. Packard countered with a motion to vacate the award, alleging in substance that the award had been procured by fraud. Following a hearing on the issues raised, the trial court granted Packard's motion to set aside the agreed arbitration award.
As a threshold issue, Packard argues that this court is without jurisdiction to review the trial court's order. We disagree. See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286, 289 (Fla. 3d DCA 1980). An order vacating an arbitration award without directing a rehearing is a departure from the essential requirements of law. See § 682.20(e), Fla. Stat. (1983); see also Carner v. Freedman, 175 So.2d 70 (Fla. 3d DCA 1965) (trial court order vacating arbitration award and directing rehearing by arbitration panel not appealable). The rehearing contemplated by the statute is before the arbitration panel and not, as Packard suggests, further proceedings by the trial court. See Carner.
We, accordingly, grant certiorari, quash the order under review, and remand to the trial court with directions either to enforce the remaining one-third of the agreed arbitration award or, in the alternative, to remand to the arbiter for further proceedings.
Certiorari granted; order quashed; cause remanded with directions.