604 So.2d 825 (1991)
HOMESTEAD INSURANCE COMPANY, Appellant,
v.
POOLE, MASTERS & GOLDSTEIN, C.P.A., P.A., f/k/a Schneider, Hirschhorn, Poole, Masters and Goldstein, C.P.A., P.A., f/k/a Schneider, Hirschhorn, Poole and Masters, f/k/a Schneider, Hirschhorn & Poole, f/k/a Schneider and Hirschhorn, C.P.A., P.A., Julian Ferayorni, Elizabeth Ferayorni, and Julian Ferayorni, P.A.; Kathryn Brumer, Marshall Brumer, and Marshall Brumer, P.A.; Stanley M. Feldman; Allan Schneider, C.P.A.; and Irwin Hirschhorn, C.P.A., Appellees.
No. 91-0211.
District Court of Appeal of Florida, Fourth District.
November 27, 1991.
On Petition for Rehearing April 1, 1992.
Reconsideration Denied September 30, 1992.
*826 David M. Caldevilla, Richard A. Gilbert and Patrick J. McNamara of de la Parte & Gilbert, P.A., Tampa, for appellant.
Donna S. Glick of Kahn & Gutter, Fort Lauderdale, for appellee/Poole, Masters & Goldstein.
PER CURIAM.
The final judgment entered herein dismissing appellant's case with prejudice after appellant had filed a Notice of Voluntary Dismissal is reversed for lack of jurisdiction. Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA 1988); Fears v. Lunsford, 314 So.2d 578 (Fla. 1975).
DOWNEY, HERSEY and DELL, JJ., concur.

ON PETITION FOR REHEARING
This case was initiated when appellant, Homestead Insurance Company, sued appellees, Poole, Masters & Goldstein, et al., for declaratory relief and rescission regarding appellees' professional liability insurance policy. After dismissal of several complaints, the trial court announced that she intended to dismiss appellant's second amended complaint with prejudice. Counsel for appellees was directed to prepare an appropriate order; however, before such order was entered, appellant voluntarily dismissed the action without prejudice to all parties. Thereafter, the trial court entered a final judgment of dismissal as to appellees. This appeal ensued in which appellant contends the trial court lacked jurisdiction to enter final judgment because appellant had theretofore taken a voluntary dismissal.
On appeal, this court in Homestead Insurance Company v. Poole, Masters & Goldstein, et al., 604 So.2d at 825, reversed the judgment appealed from on the ground that the trial court lacked jurisdiction to enter it, citing Freeman v. Mintz, 523 So.2d 606 (Fla. 3d DCA 1988), and Fears v. Lunsford, 314 So.2d 578 (Fla. 1975). Upon motion filed by appellant this court granted appellate attorney's fees pursuant to section 57.105, Florida Statutes (1991).
We now have for consideration a plethora of motions styled Motion for Rehearing, Amended and Second Amended Motion for Rehearing, Appearance of New Counsel, and Motion to Intervene. None of these motions attack the merits of our appellate decision reversing the judgment appealed from. All of them relate to the award of section 57.105 attorney's fees to the appellant. These motions reflect that appellees obtained new counsel on appeal who conceded error in the entry of the judgment appealed from, but nevertheless filed an appellate brief contending the error was harmless. Therefore, appellant moved for an allowance of fees pursuant to 57.105 and appellees did not respond. In the present posture of the case, original appellate counsel for appellees withdrew due to a possible conflict of interest with the client and new appellate counsel has appeared for appellees vis-a-vis the pending motions. New counsel contends that attorney's fees should not have been imposed, but, if they are, they should be assessed *827 against original appellate counsel and not appellees.
We have carefully reconsidered the various arguments of counsel for and against the assessment of 57.105 attorney's fees based upon this record and find some interesting arguments to be made against the allowance of said attorney's fees. For example, as pointed out in Coral Springs Roofing v. Campagna, 528 So.2d 557 (Fla. 4th DCA 1988), the court held that 57.105 attorney's fees should not be assessed against an appellee for defending a favorable judgment because the judgment carries with it a presumption of correctness, which itself presents a justiciable issue. In the present case, we also have the anomaly of a case out of this court, Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975), which held that, with several exceptions, a judgment exists as such when the court announces a decision orally adjudicating a matter before it, and is distinct from the signing of a subsequent formal judgment and from the later recording or filing of a writing. The trial court relied upon King as support for the entry of the judgment under review. In reversing, we implicitly held that King did not apply to the situation presented here; that the voluntary dismissal prior to "rendition" of a judgment of dismissal with prejudice usurped the jurisdiction of that court as to that matter.
While we have considered these arguments, we need not take any position on them vis-a-vis the issue here because the appellees have failed to preserve them properly. As pointed out earlier, appellant moved the court to assess attorney's fees against appellees pursuant to section 57.105, but appellees never responded. Thus, the court never had the opportunity to consider appellees' arguments against such fee assessment. These arguments and the authorities relied on by appellees in the pending petitions for rehearing come too late. Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1984); Cartee v. Florida Dept. of Health & Rehabilitative Services, 354 So.2d 81 (Fla. 1st DCA 1977).
Accordingly, we deny the respective petitions for rehearing and clarification and direct the trial court to assess reasonable attorney's fees for the appeal on behalf of appellant and against appellees and their original appellate counsel as provided by statute.
DOWNEY, HERSEY and DELL, JJ., concur.