FRANK, Judge.
Bill Sprague appeals from the final summary judgment granted P.I.A. of Sarasota and we reverse for the reason that the action was voluntarily dismissed prior to the trial court hearing the motion.
On October 20, 1989, Bill Sprague filed an action for wrongful discharge against his former employer, P.I.A. It moved for summary judgment on August 28, 1991, and a hearing was scheduled for September 26, 1991. On September 25,1991, Sprague, through his counsel, filed a notice of voluntary dismissal. A copy of the notice was hand delivered to counsel for P.I.A. on the same date. Although divested of jurisdiction to rule on the summary judgment motion, the trial court nevertheless entered final summary judgment on September 26, 1991.
Sprague contends, and we agree, that it was error for the trial court to take any action subsequent to the filing of the notice of voluntary dismissal. Florida Rule of Civil Procedure 1.420(a)(1) endows a plaintiff with the power to abort his lawsuit by serving “a notice of dismissal at any time before a hearing on motion for summary judgment.” No further action is required. The effect of a voluntary dismissal is “to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of ‘jurisdiction’.” Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68, 69 (Fla.1978).
P.I.A. concedes it received the notice of voluntary dismissal, but urges that Roger Fishell, Sprague’s attorney, had withdrawn from the case and, thus, no longer had the authority to act upon his client’s behalf. P.I.A. asserts that because Isidore Kirshenbaum, an attorney with whom Fishell was allegedly associated, withdrew from the representation on Sep *1337 tember 19, 1991, the dismissal filed by Fi-shell, who did not file a separate appearance, did not achieve that result. The notion is unpersuasive. Subsequent to Kir-shenbaum’s withdrawal, P.I.A. served papers in support of summary judgment on “Roger Fischel [sic], Esq., attorney for Plaintiff”. Obviously P.I.A. regarded Fished as counsel of record following Kirshenbaum’s withdrawal. In any event, we fail to perceive how Fishell’s status in this matter in any degree either diminishes Sprague’s right to dismiss his action or arms P.I.A. with the ability to argue against the effect of the voluntary notice.
Accordingly, the final summary judgment is vacated and the action is dismissed.
DANAHY, A.C.J., and HALL, J., concur.