691 So.2d 485 (1997)
Jack F. DURIE, Jr., Appellant,
v.
Michael HANSON, Appellee.
No. 96-768.
District Court of Appeal of Florida, Fifth District.
January 24, 1997.
*486 Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellant.
C. Allen Watts of Cobb Cole & Bell, Daytona Beach, for Appellee.
GOSHORN, Judge.
Jack F. Durie, Jr. appeals the final order dismissing his complaint against Michael Hanson with prejudice.[1] Durie contends that the trial court erred in entering the order because his previously filed voluntary dismissal divested the court of jurisdiction to do so. Hanson answers that, by failing to attend the hearing on his motion to dismiss, Durie has waived this argument on appeal. We agree with Durie and reverse.
The relevant facts are not in dispute. On November 29, 1994, Durie filed a four-count complaint against Hanson for breach of contract, fraud and misrepresentation, unjust enrichment, and negligence. Thereafter, Hanson filed a motion to dismiss and to strike. On December 22, 1994, the trial court granted Hanson's motion to dismiss with leave to amend. Because there was no record activity in the case for over a year, on December 27, 1995, Hanson filed a motion to dismiss with prejudice for failure to prosecute. On January 16, 1996, before the trial court ruled on Hanson's motion, Durie filed a notice of voluntary dismissal. On February 12, 1996, the trial court held a hearing on Hanson's motion to dismiss with prejudice. Neither Durie nor his counsel attended. That same day, the trial court entered an order dismissing Durie's complaint with prejudice.
In this appeal, we consider whether a party may relieve itself of dismissal with prejudice for lack of record activity by filing a notice of voluntary dismissal before the trial court enters its order of dismissal. Under the facts of this case, the answer is an unequivocal "yes." As the Second District Court of Appeal recognized in Sprague v. P.I.A. of Sarasota, Inc., 611 So.2d 1336 (Fla. 2d DCA 1993):
The effect of a voluntary dismissal is "to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of `jurisdiction'."
Id. at 1336 (quoting Randle-Eastern Ambulance Serv. v. Vasta, 360 So.2d 68, 69 (Fla. 1978), clarified by Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla.1986)).[2]
We disagree with Hanson that Durie's failure to attend the hearing on his motion waives the issue on appeal. Courts have steadfastly declared that the filing of a notice of dismissal divests the trial court of jurisdiction, and therefore the order dismissing the case with prejudice is a nullity. See Goldberg v. Howard, 646 So.2d 856, 856 (Fla. 4th DCA 1995) (finding that trial court was stripped of jurisdiction upon filing of notice of voluntary dismissal, and thus, subsequently entered order dismissing case with prejudice was nullity); Homestead Ins. Co. v. Poole, Masters & Goldstein, 604 So.2d 825, 826 (Fla. 4th DCA 1991) ("The final judgment entered herein dismissing appellant's case with prejudice after appellant had filed a Notice of Voluntary Dismissal is reversed *487 for lack of jurisdiction."), rev. denied sub nom. by Poole, Masters & Goldstein, C.P.A., P.A. v. Homestead Ins. Co., 604 So.2d 487 (Fla.1992); Colucci v. Greenfield, 547 So.2d 224, 225 (Fla. 3d DCA 1989) (reversing final judgment entered after voluntary dismissal); see also Cigna v. United Storage Sys. Inc., 537 So.2d 129, 130 (Fla. 5th DCA 1988) (quashing order directing party to pay settlement proceeds entered after that party had filed a notice of voluntary dismissal); Freeman v. Mintz, 523 So.2d 606, 609 (Fla. 3d DCA) (finding that trial court was without jurisdiction to dismiss case after party filed a notice of voluntary dismissal), cause dismissed, 528 So.2d 1182 (Fla.), rev. denied sub nom. by Coldwell Banker-Klock Co. v. Freeman, 534 So.2d 398 (Fla.), and appeal dismissed, 534 So.2d 400 (Fla.1988). Under these circumstances, it was unnecessary for Durie to attend the hearing in order to preserve the issue. See 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1299 (Fla. 2d DCA 1994) (declaring that appellate court has an independent duty to recognize jurisdictional defect even if neither party has raised issue); Colucci, 547 So.2d at 225 n. 1 (noting that "trial court's subject matter jurisdiction may be raised at any time"). Accordingly, we reverse.
REVERSED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] We note that dismissals for lack of prosecution under Florida Rule of Civil Procedure 1.420(e) are to be without prejudice. See Wright v. Allen, 611 So.2d 23 (Fla. 1st DCA 1992); Henson v. Whorf, 466 So.2d 23 (Fla. 5th DCA 1985).
[2] Several limited exceptions to this rule have evolved that are not applicable to the instant case. See, e.g., Miller v. Fortune Ins. Co., 484 So.2d 1221, 1222-23 (Fla.1986) ("Rule 1.540(b) may be used to afford relief to all litigants whose attorneys have filed voluntary dismissals as the clear result of the type of `mistake, inadvertence or excusable neglect' contemplated by Rule 1.540(b)") (quoting Shampaine Indus. Inc. v. South Broward Hosp. Dist., 411 So.2d 364, 367 (Fla. 4th DCA 1982)); Bolton v. Bolton, 412 So.2d 72, 73 (Fla. 2d DCA 1982) (holding that in a dissolution proceeding, the trial court retains jurisdiction to award attorney's fees even after the filing of a notice of voluntary dismissal); Select Builders of Fla., Inc. v. Wong, 367 So.2d 1089, 1091 (Fla. 3d DCA 1979) (finding that trial court may strike notice of dismissal where dismissal would amount to fraud upon the court).