719 So.2d 951 (1998)
Paul RUFFIN, Appellant,
v.
KINGSWOOD E. CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 97-1683.
District Court of Appeal of Florida, Fourth District.
October 7, 1998.
*952 Paul Ruffin, Wellington, pro se.
Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previously issued opinion and substitute the following in its place.
The appellee, Kingswood E. Condominium Association, Inc. ("Association"), brought an arbitration proceeding under section 718.1255, Florida Statutes (1995), against unit owner Mary Ruffin and her son, appellant Paul Ruffin, alleging that because of physical altercations on the Association's premises involving appellant, who the Association alleged was a tenant, Mary Ruffin and appellant were in violation of condominium declarations prohibiting the unit owner from permitting immoral or illegal acts or a nuisance on the property. The Association requested the Division of Florida Land Sales, Condominium and Mobile Homes of the Department of Business Regulation ("Division") to issue an order requiring appellant as tenant to vacate the premises and restraining him from further entry onto the Association's property. Appellant answered the petition, denying that he was a tenant and informing the arbitrator that his mother had moved from the condominium and therefore the matter was moot. However, because the Association also wanted protection against appellant's possible return to the premises, the arbitrator entered an order stating that "Mr. Ruffin shall remain away and off the condominium property."
In accordance with section 718.1255(4)(k), within thirty days of the arbitrator's decision, appellant filed a complaint for a trial de novo in the circuit court. The Association moved for summary judgment in the trial court on the ground that the whole case was moot because Mary Ruffin had moved from the condominium (and later died). Thus, the Association argued, appellant no longer had standing to request a trial de novo. The trial court entered summary judgment on this ground and reserved jurisdiction to assess attorney's fees.
We agree with appellant that the dispute was not moot, as the final order of the arbitrator enjoined appellant from coming on the premises of the condominium. Without filing for a trial de novo, the order would be subject to enforcement proceedings pursuant to section 718.1255(4)(e).
We sua sponte consider the subject matter jurisdiction of the arbitrator for the Division to hear the action insofar as it involved appellant. It is well settled that lack of subject matter jurisdiction may be raised sua sponte by an appellate court. See Durie v. Hanson, 691 So.2d 485, 486 (Fla. 5th DCA 1997); 84 Lumber Co. v. Cooper, 656 So.2d 1297, 1299 (Fla. 2d DCA 1994)(appellate court has independent duty to recognize jurisdictional defect even if neither party raises issue).
The Association sought to subject appellant to arbitration proceedings on the ground that he was a tenant. Appellant adamantly denied his tenancy status and the authority of the arbitrator to issue any orders restricting his movement.
Section 718.1255(1) provides, in pertinent part:
(1) DEFINITIONS.As used in this section, the term "dispute" means any disagreement between two or more parties that involves:
(a) The authority of the board of directors, under this chapter or association document to:
1. Require any owner to take any action, or not to take any action, involving that owner's unit or the appurtenances thereto.
2. Alter or add to a common area or element.
(b) The failure of a governing body, when required by this chapter or an association document, to:
1. Properly conduct elections.
2. Give adequate notice of meetings or other actions.
3. Properly conduct meetings.

*953 4. Allow inspection of books and records.
"Dispute" does not include any disagreement that primarily involves title to any unit or common element; the interpretation or enforcement of any warranty; or the levy of a fee or assessment, or the collection of an assessment levied against a party.
(emphasis supplied). Although who may be parties is not defined in the statute, the legislative findings indicate that this alternative dispute resolution procedure was adopted in part to reduce the disadvantages to unit owners when litigating against the superior financial resources of condominium associations. See § 718.1255(3), Fla. Stat.; Carlandia Corp. v. Obernauer, 695 So.2d 408, 410 (Fla. 4th DCA 1997). Even assuming, without deciding, that the Division may have authority to make a tenant a party to a dispute, if the person is not a tenant, we fail to see any jurisdictional basis whereby that person can be made a party to arbitration proceedings against his or her own will.
Moreover, in the instant case the arbitrator acknowledged in the final order that the appellant was taking care of his sick mother who had vacated the condominium. While noting that "in a sense the case is moot," the arbitrator nevertheless concluded that since the owner might at some point return to the condominium, appellant might also return.[1] On that basis, the arbitrator essentially enjoined him from coming on the condominium property.
We think that such action was beyond the statutory power of the arbitrator as it did not involve the authority of the board of directors to require an owner to take or refrain from any action but instead directly ordered a third party not to come on the condominium property. Cf. Blum v. Tamarac Fairways Ass'n, 684 So.2d 826, 827-28 (Fla. 4th DCA 1996) ("right of appellant to lease his unit to a third party, and the association's apparent disapproval of that lease ... qualifies as a disagreement involving the owner's unit, which involves the association's right to require the owner to take or not take an action (leasing) involving his unit.") (emphasis added).
We conclude that the arbitrator lacked subject matter jurisdiction to hear and decide this controversy between appellant and the Association, even if it had jurisdiction as between appellant's mother and the Association. The Division should have dismissed the petition prior to the entry of the order enjoining appellant. Thus, the trial de novo was not moot.
We reverse the final judgment. Appellant requested the vacation of the arbitrator's order in his complaint, and because the arbitrator had no subject matter jurisdiction to enter the order as against appellant, the relief should have been granted. We direct that the trial court enter an order vacating the arbitrator's final order as to appellant.[2]
SHAHOOD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTE: Senior Judge Owen did not participate in the original opinion in this case, but has had an opportunity to review the entire proceedings.
NOTES
[1] Based on a default, the arbitrator made a "finding of fact" that appellant was an "occasional tenant," a term we are not familiar with. Nevertheless, that finding did not give the arbitrator jurisdiction where the arbitrator also determined that appellant had vacated the apartment.
[2] In Ripple v. Packard, 471 So.2d 1293, 1294 (Fla. 3d DCA 1985), the third district held that it was error for a circuit court to vacate an arbitration award without directing a rehearing where the parties had agreed to submit all disputes to arbitration in their contract. Ripple is inapposite to the present case on this issue, since here the parties never contractually agreed to the arbitration and the instant "dispute" is outside of the arbitrator's statutory authority. Thus, a rehearing before the arbitrator would be superfluous. It is for this reason that we direct the trial court to vacate the arbitration order.