880 So.2d 772 (2004)
ALLSTATE INDEMNITY CO., Petitioner,
v.
Jeffrey HICKS, Respondent.
No. 5D03-3605.
District Court of Appeal of Florida, Fifth District.
June 25, 2004.
Order Denying Rehearing and Rehearing and Certifying Question August 27, 2004.
*773 Joseph Currier Brock and Steven W. Igou, Orlando, for Petitioner.
John G. Crabtree, Key Biscayne, and Michael B. Brehne, Maitland, for Respondent.
Order Denying Rehearing and Rehearing En Banc and Certifying Question August 27, 2004.
ORFINGER, J.
Allstate Indemnity Company seeks certiorari review of a decision rendered by the Circuit Court of Seminole County, Florida, acting in its appellate capacity. Allstate contends that the circuit court departed from the essential requirements of law by affirming the county court's order allowing attorney's fees under section 627.428, Florida Statutes (2003), for the time spent litigating the necessity of an attorney's fee multiplier. We agree and grant the petition for certiorari.
Jeffrey Hicks, an Allstate insured, was injured in an automobile accident. Hicks received chiropractic treatment for which he sought PIP benefits, including lost wages and mileage. After Allstate required Hicks to submit to a medical examination, it stopped paying PIP benefits, concluding that further treatment was not reasonable, necessary or related to the accident. Hicks then filed a PIP action against Allstate in the county court, seeking medical and lost wage benefits, along with attorney's fees. The parties ultimately resolved their dispute, leaving only the issues of Hicks's attorney's fees, and the appropriateness of a fee multiplier, for resolution by the court. After a hearing, at which Allstate conceded Hicks's entitlement to attorney's fees, the county court established the lodestar fee amount and awarded a 2.0 multiplier. In calculating the lodestar amount, the court allowed fees for the time spent litigating the appropriateness of a fee multiplier. Allstate appealed to the circuit court, which affirmed the county court's judgment and also awarded Hicks's appellate attorney's fees pursuant to section 627.428(1). Allstate now seeks certiorari review of the circuit court's decision.
Section 627.428(1), Florida Statutes (2003), provides, in relevant part:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any *774 named or omnibus insured ... under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured ... prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured ... a reasonable sum as fees or compensation for the insured's ... attorney prosecuting the suit in which the recovery is had.
In State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), the supreme court held that attorney's fees may be awarded under section 627.428 for litigating the issue of entitlement to an award of attorney's fees, but not for litigating the amount of attorney's fees to be awarded. Consequently, under the rule established in Palma, we must determine whether time spent litigating the issue of whether an attorney's fee multiplier should be utilized goes to entitlement, or to amount.
We conclude that time spent litigating the appropriateness of a fee multiplier goes to amount, and as a result, is not recoverable under Palma. The use of a multiplier presupposes the entitlement to an attorney's fee award. Before a party can seek an attorney's fee multiplier, that party must first be entitled to recover fees pursuant either to a fee-authorizing statute or by virtue of a contract. Consequently, consideration of a multiplier does not occur unless a pre-existing entitlement to an attorney's fee has been established.[1]
We also believe that public policy considerations support our conclusion. The purpose of section 627.428 is "`to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts.'" Palma, 629 So.2d at 833 (quoting Ins. Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992)). The statute is intended to allow the court to award a reasonable attorney's fee for a successful action under an insurance contract, not two or three times a reasonable fee, except in rare instances. As one judge explained:
An award of attorney's fees under a fee-shifting statute isn't a prize to the winning lawyer. Rather, it compensates the prevailing party for legal fees prudently incurred. Normally this consists of a reasonable hourly rate, multiplied by a reasonable number of hours (the lodestar). There is a "strong presumption" that an attorney's fee award may not exceed this figure. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728, 107 S.Ct. 3078, 3088, 97 L.Ed.2d 585 (1987). On rare occasions, a court may grant a multiplier to account for factors not adequately reflected in the lodestar. Blum v. Stenson, 465 U.S. 886, 896-97, 104 S.Ct. 1541, 1547-48, 79 L.Ed.2d 891 (1984).
Guam Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 706-07 (9th Cir.1996) (Kozinski, J., dissenting in part).
We conclude that the circuit court departed from the essential requirements of law in affirming the county court's order allowing attorney's fees for the time spent *775 litigating the applicability of a fee multiplier, and granting Hicks's request for appellate attorney's fees. Accordingly, we grant the writ, and conclude that no attorney's fees should have been awarded for the time spent litigating the applicability of the multiplier, and, as a result, no appellate attorney's fees are due.
CERTIORARI GRANTED.
PALMER, J., concurs.
PLEUS, J., dissents with opinion.
PLEUS, J., dissenting.
I respectfully dissent. I believe that litigating the appropriateness of a fee multiplier goes to the entitlement to, as well as the amount of, attorney's fees.
The primary purpose behind a multiplier is to compensate an attorney for the risk of taking cases on a contingency basis. See generally Florida Patients' Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). However, an insured also receives a benefit when a multiplier is available, because the insured is better able to obtain competent counsel, and as the multiplier enhances the availability of quality legal services, there is a benefit to all potential claimants. As the application of a multiplier benefits both the client and the attorney, any controversy regarding the use of a multiplier is an issue of entitlement and not merely an issue concerning the amount.
As the prevailing party in the county court, Hicks had an interest in defending the attorney's fee judgment on appeal. Because the judgment was affirmed, Hicks is entitled to appellate attorney's fees under section 627.428, Florida Statutes, including all appellate issues relating to the multiplier.
This holding promotes the purpose and remedy of section 627.428, which is to encourage insurance companies to promptly pay a valid claim by awarding reasonable attorney's fees to a successful insured litigant who is forced to sue to recover benefits. This holding also furthers the established policy of using contingency fee multipliers in tort and contract cases, when reasonable and supported by the evidence. See generally Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d at 834.
Accordingly, I conclude the circuit court did not depart from the essential requirements of law in affirming the attorney's fee judgment or in granting the motion for appellate attorney's fees.
I would deny the petition.
ON MOTIONS FOR REHEARING, REHEARING EN BANC AND CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE
PER CURIAM.
The motions for rehearing and rehearing en banc are denied. However, we certify, as a question of great public importance,[1] the following:
UNDER SECTION 627.428, FLORIDA STATUTES, IS AN INSURED ENTITLED TO RECOVER FROM ITS INSURER ATTORNEY'S FEES INCURRED IN SUCCESSFULLY LITIGATING ENTITLEMENT TO AN ATTORNEY'S FEE MULTIPLIER?
REHEARING DENIED; QUESTION CERTIFIED.
PLEUS, PALMER and ORFINGER, JJ., concur.
NOTES
[1] Our conclusion is buttressed by the definitions of the relevant words. According to Webster's Ninth New Collegiate Dictionary, "amount" means the "total number or quantity: aggregate," while "entitlement" means the state or condition of being entitled or a right to benefit specified especially by law or contract. Webster's Ninth New Collegiate Dictionary 80, 416 (9th ed.1989). Given these definitions, we have no hesitancy in concluding that litigation regarding the applicability of an attorney's fees multiplier relates solely to amount and not to entitlement.
[1] Fla. R.App. P. 9.030(a)(2)(A)(v).