CANADY, Judge.
This case, which is before this court pursuant to the certification by the County Court for Hardee County of a question of great public importance under Florida Rule of Appellate Procedure 9.160, arises from a claim for attorney’s fees against an insurer, State Farm, by an insured, Elizabeth Trevino, under the Florida Motor Vehicle No-Fault Law.[1] State Farm appeals the trial court’s award of fees to Trevino-made pursuant to sections 627.736(8) and 627.428, Florida Statutes (2001) — which in-eluded an amount for fees accrued in litigating whether a multiplier should be applied in determining the fee award. State Farm challenges only that portion of the fee award attributable to the litigation of the multiplier issue.
The county court certified the following question:
IN AN ACTION FOR NO-FAULT BENEFITS, WHEN THE INSURED HAS RECOVERED DAMAGES AND THE INSURER CONCEDES ENTITLEMENT TO REASONABLE ATTORNEY’S FEES AND COSTS, MAY THE INSURED’S COUNSEL BE AWARDED ATTORNEY’S FEES UNDER STATE FARM V. PALMA, 629 So.2d 830 (Fla.1993), FOR LITIGATING “ENTITLEMENT” TO A MULTIPLIER, OR IS THE LITIGATION OF A MULTIPLIER AN “AMOUNT” ISSUE?
We rephrase the certified question as follows:
IN AN ACTION FOR NO-FAULT BENEFITS WHEN THE INSURED HAS RECOVERED DAMAGES AND THE INSURER CONCEDES ENTITLEMENT TO REASONABLE ATTORNEY’S FEES AND COSTS, MAY THE INSURED BE AWARDED ATTORNEY’S FEES UNDER STATE FARM V. PALMA, 629 So.2d 830 (Fla. 1993), FOR SUCCESSFULLY LITIGATING WHETHER A MULTIPLIER IS APPLICABLE?
For the reasons set forth below, we answer the rephrased question in the negative and reverse the order awarding fees to Trevino.
Palma, 629 So.2d at 833, held that under section 627.428[2] “statutory fees may be awarded for litigating the issue of entitle *497 ment to attorney’s fees but not the amount of attorney’s fees.” The court reasoned that when an insured sues to enforce an insurance contract “the relief sought is both the policy proceeds and attorney’s fees pursuant to section 627.428.” Id. at 832. Accordingly, when an insured has prevailed in the insured’s underlying claim, but the insurer “contests the insured’s entitlement to attorney’s fees, there is still a claim under the policy and within the scope of section 627.428.” Id. at 832-33. The court farther reasoned that the work done in litigating the amount of fees “inures solely to the attorney’s benefit and cannot be considered services rendered in procuring full payment of the judgment.” Id. at 833.
We conclude that under Palma litigating the applicability of a multiplier involves litigating the amount of the fee rather than the issue of entitlement to the fee. The analysis of attorney’s fees issues under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), and Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), requires that the issue of entitlement to fees be determined as a threshold question. The question of entitlement to fees must be answered before the loadstar is determined and the court considers whether to increase or decrease the loadstar amount “based upon a ‘contingency risk’ factor and the ‘results obtained.’” Rowe, 472 So.2d at 1151.
Consideration of a multiplier — based on the contingency risk factor — is involved in the final stage of the court’s “[c]omputing [of] a [Reasonable [a]ttomey[’s] [f|ee.” Id. at 1149. The final computation of a fee— by determining an appropriate multiplier, if any multiplier is justified — by definition relates to the amount of the fee. The work done in litigating the multiplier issue “inures solely to the attorney’s benefit” and under Palma “cannot be considered services rendered in procuring full payment of the judgment” for which fees are recoverable against the insurer. Palma, 629 So.2d at 833.
In reaching this conclusion, we follow the recent decision of the Fifth District in Allstate Indemnity Co. v. Hicks, 880 So.2d 772, 774 (Fla. 5th DCA 2004),[3] which held:
We conclude that time spent litigating the appropriateness of a fee multiplier goes to amount, and as a result, is not recoverable under Palma. The use of a multiplier presupposes the entitlement to an attorney’s fee award. Before a party can seek an attorney’s fee multiplier, that party must first be entitled to recover fees.... Consequently, consideration of a multiplier does not occur unless a pre-existing entitlement to an attorney’s fee has been established.
Id. (footnote omitted).
We therefore reverse the fee order on appeal and remand to the county court for *498 recalculation of the fee award in accordance with this opinion.
Reversed and remanded; certified question answered.
FULMER and SALCINES, JJ., concur.

. §§ 627.730-.7405, Fla. Stat. (2001).

. Section 627.428 provides:
(1) Upon the rendition of a judgment or decree by any of the courts of this state *497 against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum. as fees or compensation for the insured's or beneficiary’s attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney's fee shall be allowed if such suit was commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer.
(3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.

. Hicks was decided after the county court entered the order on appeal here.