906 So.2d 1125 (2005)
PROGRESSIVE EXPRESS INSURANCE COMPANY, Petitioner,
v.
PHYSICIAN'S INJURY CARE CENTER, INC., etc., Respondent.
No. 5D05-559.
District Court of Appeal of Florida, Fifth District.
May 27, 2005.
Rehearing Denied July 27, 2005.
*1126 Betsy E. Gallagher and Michael C. Clarke of Kubicki Draper, P.A., Tampa, for Petitioner.
Kevin B. Weiss of Weiss Legal Group, P.A., Maitland, for Respondent.
MONACO, J.
The petitioner, Progressive Express Insurance Company, seeks certiorari review of a circuit court appellate decision awarding appellate attorney's fees to the respondent, Physician's Injury Care Center, Inc. Because the award constitutes a departure from the essential requirements of law, we grant certiorari relief.
The Care Center, as assignee of an assignment of benefits, was awarded a final judgment against Progressive by the county court in a personal injury protection breach of contract action. It appears that the issue in the county court concerned the reasonableness of an additional $10.00 charge made by Care Center on a single date. Progressive confessed judgment on the dispute by payment of that amount, and agreed that Care Center's attorney was entitled to a reasonable attorney's fee. Thereafter, the county court awarded Care Center an attorney's fee in the amount of $9,750.
Progressive appealed the fee award to the circuit court and asserted the commission of a number of errors by the county court, including the allowance for fee purposes of an unreasonable number of attorney hours and the inappropriate use of a multiplier in calculating the fee. The Care Center then moved in the circuit court for attorney's fees and costs with respect to the appeal pursuant to sections 627.736(8) and 627.428, Florida Statutes (2001). Progressive opposed the award, arguing that the appeal challenged only the amount of the award, and not the entitlement to it. The circuit court affirmed in part and reversed in part, granted appellate attorney's fees for the appellate litigation, and remanded to the county court for determination of the amount of fees, but only with respect to fees on which Care Center prevailed. Progressive seeks certiorari review of the award of appellate attorney's fees by the circuit court.
Certiorari review of a circuit court acting in its appellate capacity is only available where the circuit court does not afford procedural due process or departs from the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). A departure from the essential requirements of law, however, is more than a simple legal error. "A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). See also Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). A "clearly established principle of law" can derive from a number of legal sources, *1127 including the constitution, statutes, rules of court, and controlling case law. See Kaklamanos. In the present case the circuit court departed from controlling case law in arriving at its appellate attorney's fee determination.
Two statutes underlie our conclusions. First, section 627.736(8) authorizes an award of attorney's fees with respect to certain disputes between an insured and its insurer arising out of the Florida Motor Vehicle No-Fault Law,[1] including cases involving personal injury protection. Second, section 627.428(1) specifically provides for an award of appellate attorney's fees upon rendition of a judgment or decree in actions in which the insured prevails against his or her insurance carrier. The Florida Supreme Court held in State Farm Fire & Casualty Company v. Palma, 629 So.2d 830 (Fla.1993), however, that although attorney's fees may be awarded under section 627.428 for litigating the issue of entitlement to attorney's fees, the statute does not authorize an award of fees for litigating the amount of the fees to be awarded. Subsequently, this court held in Allstate Indemnity Company v. Hicks, 880 So.2d 772 (Fla. 5th DCA 2004), review dismissed, SC 04-1791, 901 So.2d 120 (Fla. Apr. 1, 2005), that time spent litigating the propriety of a fee multiplier concerns only the amount of the fee to be awarded, and not the matter of entitlement. The applicability of a multiplier in this context is, therefore, not recoverable by an insured under the subject statutes. See also Mercury Cas. Co. v. Flores, 905 So.2d 179 (Fla. 3d DCA 2005).
In the present case the trial court awarded appellate attorney's fees to Care Center for the time its attorneys spent litigating on appeal the amount of the county court fee award, even though Progressive specifically conceded that Care Center was entitled to fees. A review of the documentation filed in the circuit court reflects that Progressive challenged only the calculation of hours spent, including time expended in litigating the amount of the fee, a subject addressed by Palma, and the use of a multiplier in arriving at the fee to be awarded, a subject addressed by Hicks. Thus, the appellate proceeding involved only the amount of, not entitlement to, fees. In view of Palma and Hicks, the circuit court departed from the dictates of controlling case law, and, therefore, from the essential requirements of law, in its award of appellate attorney's fees to Care Center.
Accordingly, we grant the writ of certiorari and quash the action of the trial court awarding appellate attorney's fees.
CERTIORARI GRANTED.
SHARP, W. and GRIFFIN, JJ., concur.
NOTES
[1] §§ 627.730-627.7405, Fla. Stat. (2001).