905 So.2d 179 (2005)
MERCURY CASUALTY COMPANY, Appellant,
v.
Clara FLORES, Appellee.
Nos. 3D04-2353, 3D03-453.
District Court of Appeal of Florida, Third District.
March 23, 2005.
Opinion Granting Rehearing June 8, 2005.
*180 Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Warren B. Kwavnick, Ft. Lauderdale, for appellant.
Lopez & Best; Marc Goldman, for appellee.
Before COPE, SUAREZ and CORTIÑAS, JJ.
COPE, J.
Mercury Casualty Co. appeals attorney's fee judgments which assessed trial and appellate attorney's fees in an uninsured motorist case. We affirm.
Plaintiff-appellee Clara Flores sued her insurance company, defendant-appellant Mercury Casualty Company, seeking uninsured motorist benefits. The plaintiff obtained judgment in her favor, which was affirmed by this court on appeal. Mercury Casualty Co. v. Flores, 870 So.2d 127 (Fla. 3d DCA 2003). By unpublished order that panel granted appellate attorney's fees and remanded to the trial court to determine the amount. On remand, the trial court determined the amount of appellate attorney's fees to be awarded to the plaintiff. The trial court also granted the plaintiff's motion for trial-level attorney's fees.
The defendant insurer has appealed these judgments, arguing that the trial court should not have granted a 1.5 multiplier. The insurer argues that certain language in Sarkis v. Allstate Ins. Co., 863 So.2d 210 (Fla.2003), means that a multiplier cannot be utilized in Florida unless there is express authorization for the multiplier by statute or rule. See id. at 223. The insurer relies on Holiday v. Nationwide Mutual Fire Ins., 864 So.2d 1215 (Fla. 5th DCA 2004), review pending, Fla. S.Ct. Case No. SC04-184.
The decision in Sarkis addressed whether a multiplier could be allowed where attorney's fees are awarded under the offer of judgment statute and rule. 863 So.2d at 211. In the present case, by contrast, the attorney's fees were awarded under section 627.428, Florida Statutes (2000), as modified by the uninsured motorist statute. See id. § 627.727(8).
We conclude that Sarkis has not overruled sub silentio the Florida Supreme Court's earlier precedent which authorizes a multiplier for attorney's fees awards under section 627.428. The Florida Supreme Court's leading case regarding multipliers, Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), was a case decided under section 627.428. See Quanstrom, 555 So.2d at 829. The Florida Supreme Court has made clear that it does not intentionally overrule its earlier cases without saying so. See Puryear v. State, 810 So.2d 901, 905 (Fla.2002).
As Sarkis does not expressly overrule Quanstrom, we conclude that Quanstrom remains binding precedent and that the use of a multiplier in an uninsured motorist case is permissible. In order to assure that this case is treated consistently with Holiday, however, we certify the same question of great public importance that was certified in that case:
IN LIGHT OF THE SUPREME COURT'S DECISION IN SARKIS, MAY A MULTIPLIER BE APPLIED TO ENHANCE AN AWARD OF ATTORNEY'S FEES GRANTED UNDER A FEE-SHIFTING STATUTE SUCH AS SECTION 627.428, FLORIDA STATUTES (2002)?
Holiday, 864 So.2d at 1221.
The defendant insurer next argues that the trial court's findings were inadequate *181 to justify the multiplier. As the court made the relevant findings, we reject this argument.
The defendant insurer next notes, for precautionary reasons, an objection to the unpublished attorney's fees order issued by the panel which decided the previous appeal. That panel ruled that the plaintiff was entitled to appellate attorney's fees. The insurer argues that the prior appellate panel misconstrued the Florida Supreme Court's decision in Moore v. Allstate Ins. Co., 570 So.2d 291 (Fla.1990). The insurer argues that the prior panel's ruling on entitlement was, in turn, followed by the trial court in determining the plaintiff's entitlement to trial-level attorney's fees. The insurer explains that in its view the prior panel's ruling became law of the case, but makes an objection at this point in order to preserve the issue should there be further review in the Florida Supreme Court by virtue of the certified questions in this case. We note the objection.
The plaintiff has requested appellate attorney's fees for this appeal. We deny appellate attorney's fees and follow Allstate Indemnity Co. v. Hicks, 880 So.2d 772 (Fla. 5th DCA 2004), review pending, Fla. S.Ct. Case No. SC04-1791. See also Bluegrass Art Cast, Inc. v. Consolidated Erection Servs., Inc., 870 So.2d 196 (Fla. 5th DCA 2004). The Fifth District explained:
In State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), the supreme court held that attorney's fees may be awarded under section 627.428 for litigating the issue of entitlement to an award of attorney's fees, but not for litigating the amount of attorney's fees to be awarded. Consequently, under the rule established in Palma, we must determine whether time spent litigating the issue of whether an attorney's fee multiplier should be utilized goes to entitlement, or to amount.
We conclude that time spent litigating the appropriateness of a fee multiplier goes to amount, and as a result, is not recoverable under Palma. The use of a multiplier presupposes the entitlement to an attorney's fee award. Before a party can seek an attorney's fee multiplier, that party must first be entitled to recover fees pursuant either to a fee-authorizing statute or by virtue of a contract. Consequently, consideration of a multiplier does not occur unless a pre-existing entitlement to an attorney's fee has been established.
Allstate Indemnity Co. v. Hicks, 880 So.2d at 774 (footnote omitted). In order to assure that this case is treated consistently with Hicks, we certify the same question of great public importance that the Fifth District did in that case:
UNDER SECTION 627.428, FLORIDA STATUTES, IS AN INSURED ENTITLED TO RECOVER FROM ITS INSURER ATTORNEY'S FEES INCURRED IN SUCCESSFULLY LITIGATING ENTITLEMENT TO AN ATTORNEY'S FEE MULTIPLIER?
Id. at 775.
Affirmed; questions certified.

On Motion for Rehearing
COPE, J.
By motion for rehearing the appellee plaintiff requests rehearing of that part of our opinion which denied her request for appellate attorney's fees. She points out that issue III of the appeal raised a question regarding the entitlement of the plaintiff to trial court attorney's fees for the time period after February 2001. While this was the precautionary issue mentioned in our original opinion and was the smallest of the issues on appeal, the *182 plaintiff is nonetheless correct that as to that issue, the point raised on appeal was one of entitlement. That being so, the plaintiff is entitled to an award of that portion of her appellate attorney's fees reasonably expended in defending point III of the appeal. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993). We remand to the trial court to determine the amount.
For the stated reasons, the motion for rehearing is granted as stated herein, appellate attorney's fees are awarded for point III, and the cause is remanded to the trial court to set the amount.