ORFINGER, J.
Mercury Casualty Company seeks cer-tiorari review of a decision rendered by *409 the circuit court of Seminole County, Florida, acting in its appellate capacity. Mercury contends that the circuit court departed from the essential requirements of law by granting Rural Metro Ambulance, Inc.’s request for appellate attorney’s fees. We agree and grant the petition.
At the time Yvanne Belanston was involved in an automobile accident, she had an insurance policy issued by Mercury, which provided her with personal injury protection (PIP) coverage. Rural Metro Ambulance provided services to Belan-ston and took an assignment of her PIP benefits. Mercury refused to pay the bill, alleging that Belanston made certain misrepresentations on her application for insurance. Rural Metro then brought a PIP suit in county court. Ultimately, Mercury agreed to pay the bill and further agreed that Rural Metro’s counsel was entitled to an award of reasonable attorney’s fees. Following a fee hearing, the county court entered an attorney’s fees judgment in favor of Rural Metro’s counsel, enhanced by a 2.5 contingency multiplier. The county court also awarded Rural Metro’s counsel an additional 17.3 hours of fees “for litigating [the] entitlement to a multiplier.”
Mercury appealed the fee judgment to the circuit court. Rural Metro responded and filed a motion for appellate attorney’s fees. After due consideration, the circuit court affirmed the county court attorney’s fee order in all respects, except as to the time spent litigating the appropriateness of a multiplier. The circuit court also granted Rural Metro’s motion for appellate attorney’s fees. In doing so, the circuit court concluded that Rural Metro was entitled to appellate attorney’s fees as the “prevailing party” and because Mercury “did not serve an objection to [Rural Metro’s] Motion for Appellate Attorney’s Fees within 10 days as required by Fla. R.App. P. 9.300(a).... ” Mercury seeks certiorari review of that order.
The circuit court was correct that Rural Metro was not entitled to an award of attorney’s fees for the time spent litigating the necessity of a multiplier. In Allstate Indemnity Company v. Hicks, 880 So.2d 772 (Fla. 5th DCA 2004), this Court held that the time spent litigating the appropriateness of a fee multiplier goes to the amount of, and not entitlement to, attorney’s fees, and, therefore, is not recoverable under section 627.428, Florida Statutes (2003). See also Progressive Express Ins. Co. v. Physician’s Injury Care Ctr., Inc., 906 So.2d 1125 (Fla. 5th DCA 2005); State Farm Mut. Auto. Ins. Co. v. Trevino, 904 So.2d 495 (Fla. 2d DCA 2005).
With respect to the issue of Rural Metro’s appellate attorney’s fees, we begin our analysis with the general rule that a party is entitled to appellate attorney’s fees only when an independent basis for an attorney’s fees award exists, such as a statutory or contractual basis for the claim. Kittel v. Kittel, 210 So.2d 1 (Fla.1967); Israel v. Lee, 470 So.2d 861, 862 (Fla. 2d DCA 1985). Here, Rural Metro had no independent statutory or contractual basis for a claim of appellate attorney’s fees since the appellate litigation dealt only with the amount of such fees and not Rural Metro’s entitlement to fees. State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993). Nonetheless, the circuit court awarded Rural Metro’s appellate fees because the court concluded that Mercury failed to timely object to Rural Metro’s fee motion, thereby, waiving any objection thereto.
The essence of Rural Metro’s “waiver” argument is that although appellate attorney’s fees were not awardable under section 627.428, it was entitled to appellate fees because Mercury failed to *410 file a response to Rural Metro’s fee motion within ten days following service. We disagree. Although a party “may serve” a response to a motion for attorney’s fees, the failure to do so, does not, in our mind create an independent basis for an attorney’s fee award. Rule 9.300(a) provides that “[a] party may serve 1 response to a motion within 10 days of service of the motion”; it does not require that a response be served. (Emphasis added).
Rural Metro argues that Green Cos. v. Kendall Racquetball Investment Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995), and Homestead Insurance Co. v. Poole, Masters & Goldstein, C.P.A., 604 So.2d 825 (Fla. 4th DCA 1991), support the circuit court’s holding that Mercury “waived” any objection to the motion for appellate fees by failing to file a response within ten days as permitted by rule 9.300(a). We disagree. Neither Green nor Homestead mention rule 9.300(a), or invoke the ten-day provision under that rule as the basis for its holding. Unlike this case, both Green and Homestead involved motions for rehearing of district court orders granting appellate attorney’s fees. There, the parties moving for rehearing never objected to the motions for appellate fees prior to the appellate court’s order granting the fee motions. In both cases, the appellate court declined to consider objections raised for the first time in the motion for rehearing, based on the well-established rule that an appellate court will not address issues raised for the first time on rehearing. Green, 658 So.2d at 1122; Homestead, 604 So.2d at 826-27.
This case does not involve a motion for rehearing. Mercury repeatedly raised and argued its objections to Rural Metro’s appellate fee motion — both in writing and at the fee hearing. More importantly, the same legal principles raised by Mercury in the main appeal (notably Palma and Hicks), which precluded an award of fees for litigating the multiplier, also preclude an award of appellate attorney’s fees for litigation of amount issues. Green and Homestead do not support an interpretation of rule 9.300(a) as a “default” provision that permits an award of fees otherwise prohibited.[1]
Accordingly, we grant the petition for certiorari and quash the circuit court’s order awarding appellate attorney’s fees to Rural Metro.
CERTIORARI GRANTED.
PALMER and TORPY, JJ., concur.

. Mercury correctly observes that Rural Metro attempts to analogize this case to Green and Homestead by emphasizing that Mercury did not file written objections to the fee motion until "after the mandate." The "mandate," issued August 25, 2004 had nothing to do with Rural Metro’s motion for appellate attorney's fees. The mandate only pertained to the circuit court’s decision of August 5, 2004, which did not rule on Rural Metro’s appellate fee motion. The circuit court explicitly clarified in its August 24, 2005 order that it had not ruled on the motion for appellate fees in the August 5, 2004 decision, and that it would conduct a hearing on the fee motion before issuing a ruling. If the "mandate” from the August 5, 2004 decision had anything to do with Rural Metro's motion for appellate fees, then that mandate was issued prematurely because Rural Metro's motions for clarification, seeking a ruling on its fee motion, should have suspended rendition of the circuit court’s August 5, 2004, decision. See Fla. R.App. P. 9.020(h) & 9.340(b). Alternatively, if the circuit court found that the "mandate" issued August 25, 2004, was applicable to Rural Metro's motion for appellate fees, then the circuit court lost jurisdiction to award such fees after that mandate was issued. McAskill Publ’n, Inc. v. Keno Bros. Jewelers Inc., 647 So.2d 1012, 1013 (Fla. 4th DCA 1994) (circuit court lost jurisdiction to award appellate fees after date of mandate).