PER CURIAM.
The circuit court vacated an arbitration award because the arbitrator “exceeded the powers granted to him.” Appellant, Loewenstein, Inc., filed a motion seeking to compel another arbitration. The court denied the motion. Loewenstein appeals. This court has jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(iv). We reverse.
This is a case where the parties contractually agreed to arbitrate. Cf. Ruffin v. Kingswood, E. Condo. Ass’n, Inc., 719 So.2d 951, 953 n. 2 (Fla. 4th DCA 1998). It is error for a circuit court to enter an order vacating an arbitration award without directing a rehearing by the arbitration panel. See Ripple v. Packard, 471 So.2d 1293 (Fla. 3d DCA 1985); Fridman v. Citicorp Real Estate, Inc., 596 So.2d 1128, 1129 (Fla. 2d DCA 1992), overruled on other grounds by Tumberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995); see also § 682.13(3), 682.20(1)(e), Fla. Stat. (2005).
Reversed and remanded for further proceedings consistent with this opinion.
GUNTHER, GROSS and HAZOURI, JJ., concur.