935 So.2d 41 (2006)
UNITED AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
MIAMI MEDICAL GROUP, INC. a/a/o Felix Rodriguez, Respondent.
No. 3D06-87.
District Court of Appeal of Florida, Third District.
July 19, 2006.
Michael J. Neimand, Miami, for petitioner.
Jose R. Iglesia & Associates, and Mari Sampedro-Iglesia, for respondent.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
*42 RAMIREZ, J.
Petitioner United Automobile Insurance Company seeks certiorari review of an order issued by the circuit court sitting in its appellate capacity which awarded appellate attorneys' fees to respondent Miami Medical Group, Inc. We grant the petition, finding that the order awarding appellate attorneys' *43 fees departs from the essential requirements of the law.
United Automobile is the defendant in an action to recover personal injury protection (PIP) benefits filed in the county court where Miami Medical Group obtained a jury verdict in its favor. The trial court found that Miami Medical Group was entitled to attorney's fees and awarded fees, including a 1.5 multiplier. United Automobile timely appealed the order granting the multiplier, raising only the issue of the appropriateness of the multiplier. Miami Medical Group filed its Answer Brief and then its Motion for Attorney's Fees pursuant to section 627.428, Florida Statutes. Miami Medical Group then filed a Motion for Sanctions pursuant to section 57.105, Florida Statutes, for United Automobile's failure to withdraw its appeal. On December 6, 2005, the Appellate Division for the Eleventh Judicial Circuit affirmed, without written opinion, the order granting Miami Medical Group a fee multiplier. The Appellate Division also granted Miami Medical Group's motion for attorney's fees and remanded the cause to the trial court for a determination as to reasonable fees. The opinion did not state any reasons for awarding fees. United Automobile filed a motion for rehearing, which the court denied. This petition followed.
A petition for second-tier certiorari may be granted only in those instances in which the lower court did not afford procedural due process or departed from the essential requirements of the law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003). A failure to observe the essential requirements of law has been held synonymous with a failure to apply the correct law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Furthermore, relief may not be granted unless it is determined that the circuit court departed from the essential requirements of law which resulted in a miscarriage of justice. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000).
We find that the circuit court acting in its appellate capacity departed from the essential requirements of the law when it awarded appellate attorney's fees after it affirmed the trial court's order awarding Miami Medical Group an attorney's fee multiplier. A party is not entitled to fees for the time spent litigating the propriety of a fee multiplier because the multiplier concerns only the amount of the fee to be awarded, and not the matter of entitlement, and thus is not recoverable. See Progressive Express Ins. Co. v. Physician's Injury Care Ctr., Inc., 906 So.2d 1125 (Fla. 5th DCA 2005); Mercury Cas. Co. v. Flores, 905 So.2d 179 (Fla. 3d DCA 2005), review pending, 928 So.2d 335 (Fla. 2006); Allstate Indem. Co. v. Hicks, 880 So.2d 772 (Fla. 5th DCA 2004).
Moreover, the attorney's fees award cannot be sustained pursuant to section 57.105 as a sanction for pursuing a frivolous appeal. The order awarding attorney's fees on this ground also departed from the essential requirements of the law because it did not contain specific findings that this appeal was neither supported by the facts nor the application of the law. Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla.2005); Kurzweil v. Larkin Hosp. Operating Co., 684 So.2d 901 (Fla. 3d DCA 1996). This failure to follow these established principles of law causes a material injustice to United Automobile, justifying the issuance of a writ of certiorari.
Miami Medical Group does not quarrel with any of the facts presented in the petition, nor with the case law, but would have us deny the writ and remand to allow the circuit court the opportunity to elaborate on its order granting fees in the event *44 the award was based on section 57.105, Florida Statutes. Instead, we treat Miami Medical Group's response as a confession of error because it acknowledges that the order awarding fees is not supported under section 57.105, Florida Statutes. See Forbes v. Crosby, 866 So.2d 198 (Fla. 1st DCA 2004). We thus grant the petition, issue a writ of certiorari quashing the order awarding Miami Medical Group appellate attorney's fees for litigating the appropriateness of a fee multiplier or as a sanction, and remand the matter to the circuit court for a determination as to whether the record supports the award of fees as a sanction. See Solimando v. Aloha Medical Ctr., 566 So.2d 580 (Fla. 2d DCA 1990).
Petition for writ of certiorari granted.